691 S.W.2d 106 (1985)
In the Matter of J.D.P., Jr., A Juvenile, Appellant,
v.
The STATE of Texas, Appellee.
No. 04-84-00214-CV.
Court of Appeals of Texas, San Antonio.
May 15, 1985.
John Michael Doyle, Jimmy Parks, Adams & Hunter, San Antonio, for appellant.
Margaret M. Embry, Asst. Dist. Atty., San Antonio, for appellee.
Before ESQUIVEL, TIJERINA and DIAL, JJ.
ESQUIVEL, Justice.
This is an appeal from a judgment declaring a juvenile a delinquent child.
The State's trial pleadings charged appellant J.D.P., Jr., a juvenile, with the offenses of evading arrest, reckless conduct, terroristic threats, resisting arrest and aggravated assault with a deadly weapon. *107 An additional charge of reckless conduct was submitted to the jury as a lesser and included offense to the charge of aggravated assault with a deadly weapon. The jury found that appellant engaged in delinquent conduct based on their finding that he committed two of the alleged offenses, i.e., terroristic threats and reckless conduct. He was found not to have committed the other alleged offenses: evading arrest, resisting arrest, and aggravated assault with a deadly weapon and the lesser and included offense of reckless conduct. The court placed appellant on supervised probation for one year, resulting in this appeal. We reverse.
Appellant presents us with eight points of error. We do not reach all eight points since we find error is presented by his complaint of the court's failure to comply with the provisions of TEX.FAM.CODE ANN. § 54.03(b)(1) & (2) (Vernon 1975).
A child may not be declared to have engaged in delinquent conduct absent compliance with the requirements of section 54.03(b). A.E.M. v. State, 552 S.W.2d 952, 955 (Tex.Civ.App.San Antonio 1977, no writ). Section 54.03(b) requires that at the beginning of the adjudication hearing, the judge "shall explain to the child and his parent, guardian or guardian ad litem: (1) the allegations made against the child; (2) the nature and possible consequences of the proceedings; ...," and this duty has been held to be mandatory. W.J.M.A. v. State, 602 S.W.2d 397, 400 (Tex.Civ.App. Beaumont 1980, no writ).
The following colloquy constitutes the complete "explanation" given to appellant by the court:
THE COURT: Let the record reflect that his mother and father are present, along with two counsels of his choice.
Do you know what you are charged with, young man?
[Appellant]: Yes sir, I read the Petition.
THE COURT: Do you understand the consequences of this hearing we are about to start?
[Appellant]: Yes, sir.
* * * * * *
The court then had the prosecutor read each of the five allegations set out in the petition and inquired of appellant after each reading if he understood the charge against him and whether he pled "true" or "not true," to each of which appellant answered in the affirmative and pleaded "not true."
The court "explained" nothing to appellant. The "explanation" is essentially an inquiry as to whether appellant "understood" the charges against him. Unless we attribute to appellant, a sixteen year old child, a knowledge of the constituent elements of each of these offenses and a knowledge of the fact that the language which charged aggravated assault with a deadly weapon is also necessarily sufficient to charge reckless conduct, it cannot be seriously argued that the court made anything plain to appellant as required by section 54.03(b). See A.E.M., 552 S.W.2d at 955. The court did not tell appellant that he could be found to have engaged in delinquent conduct if the jury found that he had committed the offense of evading arrest, reckless conduct, terroristic threats, resisting arrest or aggravated assault with a deadly weapon.
Accordingly, we hold that the mandatory requirements of section 54.03(b) were not observed.
The judgment of the trial court is reversed and the cause is remanded for further proceedings.
DIAL, Justice, concurring.
I believe that having each allegation read to the child in the court's presence and inquiring if he understood each part is sufficient compliance with TEX.FAM. CODE ANN. § 54.03(b)(1).
I agree with the majority that asking the child, "Do you understand the consequences of this hearing we are about to start?" is not the sort of explanation contemplated by § 54.03(b)(2). At a minimum the record should reflect that the child has *108 been advised correctly of the possible punishment he is facing.