727 S.W.2d 96 (1987)
In the Matter of I.G., A Minor Child, Appellant,
v.
The STATE of Texas, Appellee.
No. 04-86-00010-CV.
Court of Appeals of Texas, San Antonio.
March 11, 1987.
*97 Richard L. Garza, San Antonio, for appellant.
Carmen L. Kelsey, Raymond J. Hardy, Jr. Asst. Dist. Attys., San Antonio, for appellee.
Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

OPINION
CADENA, Chief Justice.
The trial court, after a jury found that appellant had engaged in delinquent conduct by committing the offense of aggravated assault with a deadly weapon, ordered appellant committed to the custody of the Texas Youth Council.
We do not agree with appellant's argument that the allegations in the State's petition were insufficient to support a jury finding that appellant had committed the offense of aggravated assault with a deadly weapon.
The petition charged that appellant intentionally and knowingly attempted to cause the death of the complaining witness by shooting him with a gun. Shooting a person with a gun is an assault within the meaning of TEX.PENAL CODE ANN. § 22.01 (Vernon Supp.1986). If the assailant uses a deadly weapon in committing the assault, the assault becomes aggravated under the provisions of § 22.02(a)(3) of the Penal Code. The allegation that a gun was used in an attempt to cause the death of another is an allegation that the gun is a deadly weapon because of the manner of its use. See TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974).
*98 The State's petition sufficiently alleges the commission of an aggravated assault with a deadly weapon.
In its brief the State points out that the trial court failed to comply with the requirements of TEX.FAM.CODE ANN. § 54.03(b) (Vernon 1986) because it did not explain to the child the allegations made against him and the nature and possible consequences of the proceedings. While confessing error, the State argues that such error was not fundamental, and cannot form the basis for reversal because appellant waived error[1] by failing to object in the trial court and to raise this point in his brief. We disagree.
Although our Supreme Court has held that unassigned fundamental error may be the basis for reversal of a trial court's judgment, it has not particularized the errors which will be considered fundamental. Instead, we have been given only broad guidelines. Fundamental error has been defined as "an error which directly and adversely affects the interest of the public generally, as that interest is declared in the statutes and Constitution of this State ..." Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, 983 (1947). The concurring opinion in Ramsey adopted a seemingly more restrictive test, saying that fundamental error is present only when the error "involves a matter of public interest and when the record affirmatively and conclusively shows that the appellee was not entitled to recover, where the record affirmatively shows that the court rendering the judgment was without jurisdiction." Id. at 985. In Newman v. King, 433 S.W.2d 420, 422 (Tex.1968), Chief Justice Calvert, after referring to the two tests found in Ramsey pointed out that "errors occurring in the trial process" are not fundamental. He offered no definition of "errors occurring in the trial process."
Despite the lack of precise definition, the Supreme Court has given us more helpful guidance in juvenile cases, by making it clear that it considers that juvenile cases directly affect the public interest. In L.G.R. v. State, 724 S.W.2d 775, 776 (Tex. 1987), Justice Gonzales said:
It is in the public interest that the courts of this state insure that in any proceeding in which a child is exposed to the risk of loss of liberty the notice requirements mandated by the legislature in juvenile delinquency proceedings be observed.
In Santana v. State, 444 S.W.2d 614 (Tex.1969), jdgmt. vacated and cause remanded, 397 U.S. 596, 90 S.Ct. 1350, 25 L.Ed.2d 594, on remand, 457 S.W.2d 275 (Tex.1970), the trial court instructed the jury that a finding of delinquent conduct could be based on a preponderance of the evidence. On appeal, the child who had not objected to the court's charge, claimed that this was error because the burden was on the state to prove beyond a reasonable doubt that he had engaged in delinquent conduct. Despite the failure of the child to object in the trial court, the Texas Supreme Court considered the complaint, saying that the question of proper quantum of proof was important to the public interest. Although *99 Santana, unlike this case, involved a situation where the alleged error was raised in the appellant's brief, it is clear that the decision to consider the complaint was based on the conclusion that an error concerning the quantum of proof was considered fundamental. 444 S.W.2d at 615.
In A.N. v. State, 683 S.W.2d 118 (Tex. App.San Antonio 1984, writ dism'd), this Court reversed a determination of delinquency because of a failure to adequately give the explanations required by § 54.-03(b). In that case, Justice Cantu objected, noting that the reversal was based on unassigned error.[2]Id. at 120. It is clear that the majority opinion considered the error to be fundamental.
The attitude expressed by the Texas Supreme Court in L.G.R. and Santana flows naturally from the fact that the State, as parens patriae, is vitally interested in the welfare and protection of children.
Section 54.03 unequivocally states that a declaration of deinquency may be made "only after an adjudication hearing conducted in accordance with the provisions of this section." The "provisions of this section" include the explanations prescribed by paragraph (b) of § 54.03. The giving of the required instructions is unquestionably made a condition precedent to the finding of delinquency. The statute reflects a legislative finding that a child is not capable of fully understanding the nature of the proceedings against him and his most basic fundamental rights without explanation by the juvenile court. Clearly, the legislature believed that children are too inexperienced and unskilled to understand the nature and possible consequences of the proceedings and allegations. There is no other apparent reason for the requirement of explanations. See In re Gault, 387 U.S. 1, 38, n. 65, 87 S.Ct. 1428, 1449, n. 65, 18 L.Ed.2d 527 (1967). Unless we are prepared to ignore the language of the statute and the intent of the legislature, we cannot authorize a trial court to adjudicate a child as delinquent without giving the prescribed explanations.
The conclusion that failure to comply with § 54.03 is fundamental error finds support in the manner in which the Court of Criminal Appeals has treated TEX. CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1987) which provides that a court, before accepting a plea of guilty in a criminal case, shall give certain admonitions to the defendant. Whitten v. State, 587 S.W.2d 156, 159 (Tex.Crim.App.1979), clearly holds that a failure to give the required admonitions is fundamental error.
Since both § 54.03 of the Texas Family Code and art. 26.13 of the Texas Code of Criminal Procedure require the trial court to follow a certain procedure before adjudicating a child delinquent in the case of § 54.03 or accepting a guilty plea in the case of art. 26.14, there is no reason to refuse to apply the holding in Whitten v. State, concerning the failure to give the required admonitions, to the failure of the court, in a delinquency hearing, to give the explanations required by § 54.03(b). There is no reason which would justify applying a harsher rule to children than that applied to adults.
The trial court's failure to admonish the appellant as required by TEX.FAM. CODE ANN. § 54.03(b) (Vernon 1986) constitutes fundamental error. The trial court's determination of delinquency is reversed and this cause is remanded for new trial.
ESQUIVEL, Justice.
Appellant initially contends that since the commission of the lesser included offense was not charged in the petition, the court was without authority to enter a finding that he engaged in delinquent conduct by proof that he committed a lesser included offense than that charged in the petition. Secondly, appellant contends that there was a lack of compliance with the explanation requirements of TEX.FAM.CODE ANN. § 54.03(b)(1)-(2) (Vernon 1986) [hereafter § 54.03(b)(1)-(2)].
*100 I agree with the majority's disposition of appellant's initial contention. However, I respectfully dissent from the majority's disposition of appellant's second contention and their subsequent reversal of the trial court's judgment in this case. The following issue is raised. Appellant's second contention: Is the trial court's failure to render the explanations required by § 54.-03(b)(1)-(2), fundamental error thereby permitting this Court to consider this contention on appeal? I would answer the issue in the negative.
The procedural requirements of § 54.-03(b)(1)-(2) provide that, at the beginning of an adjudication hearing in a delinquency proceeding, the juvenile court judge shall explain to the child and his parent, guardian or guardian ad litem, the allegations made against the child, as well as the nature and possible consequences of the proceedings. There must be compliance with these mandatory procedures before the child may be found to have engaged in delinquent conduct. JDP v. State, 691 S.W.2d 106, 107 (Tex.App.San Antonio 1985, no writ); A.N. v. State, 683 S.W.2d 118, 119 (Tex.App.San Antonio 1984, writ dism'd); W.J.M.A. v. State, 602 S.W.2d 397, 399 (Tex.Civ.App.Beaumont 1980, no writ); D.J.M. v. State, 598 S.W.2d 726, 727 (Tex.Civ.App.Waco 1980, no writ); D.L.E. v. State, 531 S.W.2d 196, 198 (Tex. Civ.App.Eastland 1975, no writ); A.E.M. v. State, 552 S.W.2d 952, 955 (Tex.Civ.App. San Antonio 1977, no writ). However all of the aforementioned cases fall short of declaring such an omission to be fundamental error.
In the case before us, it is undisputed that the juvenile judge failed to render the explanations required by § 54.03(b)(1)-(2). The state admits that the case law supports a reversal of the judgment in cases where such explanation requirements are not observed. However the state argues, and the record so reflects, that there was no objection at trial and that the appellant failed to raise the question on appeal in his brief. Furthermore, the State argues, unless we determine that the omission constitutes fundamental error, the appellant has waived any right to complain. Finally, the state alleges that absent fundamental error we can consider only questions of law raised by appellant's sole point of error.
In support of these contentions, the state refers us to Cox v. Bancoklahoma Agri-Service Corp., 641 S.W.2d 400 (Tex.App. Amarillo 1982, no writ). In Cox the court was faced with a supplemental brief filed with leave of court which argued that the appellee bank failed to establish an element of its cause of action. However, the brief did not contain a point of error on this argument and the argument therein did not relate to the points of error that were properly before the court. The court held that the supplemental brief presented nothing for review. Id. at 404.
In the instant case, appellant's reply brief does not contain a point of error. The brief relates only a mere statement that the court failed to comply with the requirements of TEX.FAM.CODE ANN. § 54.-03(b)(1)-(2). I cannot conclude that appellant's point of error in his brief complaining of the submission of a charge on a lesser included offense, embodies or embraces the judge's failure to comply with the requirements of § 53.03(b)(1)-(2). As such, appellant's reply brief presents nothing for review. See Coleman v. State, 632 S.W.2d 616, 619 rehearing overruled, 640 S.W.2d 889 (Tex.Crim.App.1982). (A ground of error raised in a supplemental brief was held not to be properly before the Court of Criminal Appeals where it was a new ground of error not raised in the original brief).
An appellate court having jurisdiction of a criminal case is empowered to entertain unassigned fundamental error in the interests of justice. Williams v. State, 622 S.W.2d 578 (Tex.Crim.App.1981); Smith v. State, 654 S.W.2d 539, 541 (Tex.App.Tyler 1983, no pet.), Skelton v. State, 655 S.W.2d 302, 303 (Tex.App.Tyler 1983, pet. ref'd); See TEX.CRIM.PROC.CODE ANN. art. 40.09(13) (Vernon Supp.1986). Despite the fact that it is well settled that juvenile proceedings are civil in nature with criminal overtones, and it being further well settled by our courts that compliance with the explanation requirements of § 54.-03(b)(1)-(2) *101 is mandatory, I cannot conclude that the failure to comply with such an explanation is fundamental error. Such a failure is a procedural error that transgresses no fundamental right of appellant secured by statute. Accordingly, such error may not be raised for the first time on appeal. Despite the state's commendable candor in bringing this error to our attention in its brief, I cannot conclude that the issue of whether the trial court erred in totally failing to comply with the requirements of § 54.03(b)(1)-(2) is before us for review.
Accordingly, I would affirm the judgment of the trial court.
NOTES
[1] The State's waiver of argument can be accepted only if we ignore TEX.FAM.CODE ANN. § 51.09 (Vernon 1986) which provides that the waiver of a right granted by statute is valid only if the waiver is made by the child and his attorney; the child and his attorney are informed of and understand the right and the possible consequences of waiving it; the waiver is voluntary; and the waiver is made in writing or in court proceedings that are recorded. There is nothing in the record tending to show that the child waived the right to the required explanations. The record does not affirmatively disclose either that the child was informed of and understood the right and possible consequence of waiving it or that there was a voluntary waiver. The trial court chose not to intervene in the proceedings and successfully resisted the temptation to interrogate the child concerning his understanding of his rights and the possible consequences of the waiver, and chose to refrain from informing the child of his rights.

While the statute requires that the child's attorney must concur in the child's waiver of his rights, it is clear that the waiver must be by the child, and the attorney's role is limited to concurring in such waiver. Thus, in In re K.W.S., 521 S.W.2d 890, 893 (Tex.Civ.App.Beaumont 1975, no writ), where the child's attorney announced that the defect in the summons was waived and the child remained silent, the court held that there had been no waiver by the child. There is no basis for holding that the child in this case has waived his right to the explanations required by § 54.03(b).
[2] Justice Cantu's dissent was primarily based on his conclusion that the trial court had complied with § 54.03(b).