"(1) a misstatement of the law

**In the Matter of G.K.G., Jr., A Minor Child, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00239–CV.**

Court of Appeals of Texas,
San Antonio.

April 30, 1987.

Charles J. Lieck, Jr., San Antonio, for appellant.

Barbara Hervey, Dist. Atty's. Office, San Antonio, for appellee.

Before CADENA, C.J., and CANTU, REEVES, JJ.

## OPINION

CANTU, Justice.

This is an appeal from an order committing appellant, a juvenile, to the Texas Youth Commission after a jury found that he had engaged in delinquent conduct by committing the offense of burglary of a habitation.

■ Appellant's first point of error alleges that the trial court erred in failing to admonish him of his rights as required by TEX.FAM. CODE ANN. § 54.03(b) (Vernon 1986). § 54.03(b) provides:

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings;

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to a trial by jury.

The provisions of § 54.03(b) are mandatory. *J.D.P. v. State,* 691 S.W.2d 106 (Tex.App.— San Antonio 1985, no writ); *A.E.M. v. State,* 552 S.W.2d 952 (Tex.Civ.App.—San Antonio 1977, no writ).

■ The record reflects that no admonishments were given prior to the commencement of trial. Thus appellant argues that the court's failure to comply with § 54.03 requires a reversal. The State, however, while conceding that no admonishments were given, points out that appellant failed to object to the lack thereof, and thus contends that since no harm is shown, the error was waived. In support of its position the State argues that the petition sufficiently apprised the appellant of the allegations against him and that it is evident from his testimony that appellant was fully aware of his rights.

This court recently held in *In the Matter of I.G., A Minor Child,* 727 S.W.2d 96 (Tex.App.1987), a case identical[1] to that before us, that a failure to comply with § 54.03 is fundamental error requiring re-

---

**1.** Appellant in *I.G., supra,* failed to raise the court's failure to provide the required admonishments as error. Appellant herein has raised the issue on appeal. However, both cases involve a total failure by the trial court to apprise the appellant of his rights or the possible consequences of the proceedings. In this respect, the cases are identical.

versal. Chief Justice Cadena, writing for the majority in *I.G.*, discusses those cases which support a determination that a total failure to comply with § 54.03 requires reversal. Thus we need not reiterate the basis herein. We find that the trial court committed reversible error by failing to comply with § 54.03. Point of error one is sustained.

In his second point of error, appellant alleges that the trial court erred in overruling his motion for judgment non obstante verdicto because there was no evidence to support the submission of special issue number one. Appellant also contends that the jury's finding of delinquent conduct is so against the great weight and preponderance of the evidence as to be manifestly unfair.

The evidence at trial revealed that the complainant, Howard Gupton, returned to his apartment on November 4, 1985, and found a sliding glass window had been broken and was open. Several items were missing from his apartment. Gupton notified the police who arrived to investigate the scene.

Several fingerprints were taken from items inside the apartment. A print found on the inside of the broken window was identified as appellant's.

Appellant testified at trial that he was staying at a friend's sister's apartment on the day of the burglary. The friend's sister's apartment is located across a walkway from Gupton's apartment. According to his testimony, appellant went to the store on the day of the burglary and when he returned to the apartment found his friend Trujillo there with a television set and other items later shown to have been stolen from Gupton's apartment. Appellant related that Trujillo told him he had taken the items from Gupton's apartment and showed him the broken window. In an effort to protect Trujillo appellant closed the window at Gupton's apartment by reaching with his hand inside the window and pulling it shut.

Appellant argues that there is no evidence that connects him to the offense other than his fingerprints on the window, which he alleges are explained by a reasonable hypothesis negating his guilt. The State, however, contends that because appellant took the stand and testified, the jury sitting as the trier of fact, was the sole judge of the credibility of the testimony, and was free to evaluate the testimony. The State points to the contradictions in the evidence, i.e.: Gupton's testimony that the window was open when he arrived home and appellant's testimony that he had closed the window thus leaving his print inside, as circumstances to be evaluated by the jury.

Generally, the presence of fingerprints at the scene of a crime alone is sufficient evidence to support a conviction for burglary where the evidence establishes that the prints must necessarily have been made at the time of the burglary. *See e.g., Galvan v. State,* 461 S.W.2d 396 (Tex.Crim.App.1970); *Bowen v. State,* 460 S.W.2d 421 (Tex.Crim.App.1970); *Dues v. State,* 456 S.W.2d 116 (Tex.Crim.App.1970).

Appellant's explanation that he left his prints at the scene shortly after the commission of the crime explains his presence at the scene and leaves open for question only the issue of criminal intent.

Although presence is frequently nothing more than a circumstance it is, nevertheless, one which points to guilt. *Grice v. State,* 142 Tex.Cr. 4, 151 S.W.2d 211 (1941).

Appellant insists that his explanation presents a reasonable hypothesis that was not excluded by the State's evidence. We do not agree. A hypothesis is reasonable only if it is consistent with the circumstances and facts proved. *Martinez v. State,* 644 S.W.2d 104 (Tex.App.—San Antonio 1982, no pet).

The Court of Criminal Appeals has made the following observation with regard to the sufficiency of fingerprint evidence.

This Court's statement concerning the sufficiency of fingerprint evidence was never intended to alter the well-established standard for determining sufficiency that applies in circumstantial evidence

cases. The State need not present evidence excluding every conceivable hypothesis except that of the defendant's guilt; it need only present evidence excluding every reasonable hypothesis. [Citations omitted]. The mere possibility that a defendant's fingerprints may have been left at a time other than the time of the burglary does not necessarily render the evidence insufficient. This Court has found the evidence sufficient where highly unlikely possibilities could account for the presence of the defendant's fingerprints in a manner consistent with innocence. [Citations omitted].

*Phelps v. State,* 594 S.W.2d 434, 436 (Tex. Crim.App.1980).

Appellant's hypothesis is only reasonable if it is consistent with proof of the condition of the window. Gupton's testimony about an open window clearly contradicts appellant's efforts to explain the presence of his fingerprints at a place where they were not to be found unless placed there during the commission of the offense. We believe that appellant's explanation merely provided the jury with a credibility issue, that is, one that required the weighing of appellant's explanation with that of Gupton's testimony that the window was open. The jury was entitled, as exclusive judge of the facts and the credibility of the witnesses, to disbelieve appellant's testimony.

Viewing all of the evidence in a light most favorable to the verdict, there was ample evidence to support submission of the issue to the jury and to sufficiently support the jury's answer to special issue number one. Thus, the jury's finding is not against the great weight and preponderance of the evidence.

Since the evidence was sufficient to warrant submission of special issue number one to the jury, appellant was not entitled to a directed verdict. Therefore, the trial court did not err in overruling appellant's motion for judgment non obstante verdicto. Point of error two is overruled.

The trial court's failure to admonish appellant as mandated by § 54.03 requires that this cause be reversed and remanded for new trial.

