**In the Matter of F.M., a Child.**

No. 07–89–0373–CV.

Court of Appeals of Texas, Amarillo.

June 19, 1990.

George Harwood, Amarillo, for appellant.

Dale W. Elliott, County Atty., Stephanie Emmons, Asst. County Atty., Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Appellant F.M. answered true to all counts in the State's petition, *viz.*, one count of burglary of a vehicle, one count of robbery, and three counts of aggravated robbery. Appellant also filed a stipulation of evidence and waiver of rights. The trial court found that appellant had engaged in delinquent conduct and ordered him committed to the custody of the Texas Youth Council. By two points of error, appellant contends that the trial court erred in overruling his motion for new trial because (1) he was not properly admonished concerning the possible consequences of his plea at the adjudication hearing; and (2) there was insufficient evidence that he engaged in delinquent conduct. For the reasons be-

low, we will sustain appellant's first point of error, overrule his second point of error, reverse the judgment of the trial court, and remand the case for a new trial.

■ The record reveals that the trial court did not admonish appellant concerning the admissibility of the record of a juvenile court adjudication in a later criminal proceeding. That admonition is required by section 54.03(b)(2) of the Family Code, Tex.Fam.Code Ann. § 54.03(b)(2) (Vernon Supp.1990). The State argues that the admonition given was in substantial compliance with the statute and was therefore sufficient. We disagree.

While explaining the consequences of an adjudication of delinquency, the trial court complied with the first part of section 54.03(b)(2). The court did not, however, mention that an adjudication could be used against appellant in a later criminal proceeding. The court's admonition would have been sufficient if section 54.03 had not been amended in 1987 to require an admonition that one of the consequences of a juvenile court adjudication is that the record of the adjudication may be used in a later criminal proceeding. Substantial compliance with the statute cannot exist absent the required admonition concerning possible later use of the juvenile record against the child.

■ The State also argues that appellant failed to his preserve error by failing to object to the admonition at the time it was given, citing Tex.R.App.P. 52 and *In the Matter of R.L.H.*, 771 S.W.2d 697 (Tex.App.—Austin 1989, writ denied). We conclude that appellant's motion for new trial was a timely motion sufficient to bring the matter to the trial court's attention and preserve error under Rule 52. *R.L.H.* is inapposite to the instant case. *R.L.H.* stands for the proposition that errors not raised in an appellant's initial brief are waived on appeal, and is not controlling in the present situation.

■ The State further argues that appellant had the burden to show harmful error, i.e., that appellant would not have pleaded true but for the improper admonition. The State has confused this case with one in which there was substantial compliance with the statute. Absent substantial compliance, it was not possible for appellant to enter a knowing and voluntary plea because he did not know the legal consequences of the plea. Therefore, the error could not have been harmless. Appellant's first point of error is sustained.

■ By his second point of error, appellant contends there was insufficient evidence that he engaged in delinquent conduct. The record reflects that the written stipulation and waiver were signed by appellant and his counsel and acknowledged before the court following a thorough inquiry. The fact that appellant was not sworn is not fatal to the stipulation. The stipulation, the court's inquiry, appellant's responses, and appellant's plea of true provided ample evidence upon which to base the court's finding. Appellant's second point of error is overruled.

In summary, we sustain appellant's first point of error and overrule his second point of error. The judgment of the trial court is reversed, and the case is remanded for a new trial.