**In the Matter of O.L., Appellant.**

**No. 13–91–482–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 4, 1992.

Terry Shamsie, Ida Brazell, Brazell & Buxton, Corpus Christi, for appellant.

Walter D. Bryan, Asst. County Atty., Nueces County Courthouse, Corpus Christi, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr., and GILBERTO HINOJOSA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant was charged with delinquent conduct in the Juvenile Court of Nueces County for aggravated sexual assault and criminal trespass. Appellant pleaded "true" to criminal trespass, but "not true" to aggravated sexual assault. The trial court found that appellant had committed aggravated sexual assault and criminal

trespass, found that he had engaged in delinquent conduct, adjudicated him a delinquent, and placed him on probation for one year.

By five points of error, appellant challenges the sufficiency of the evidence on the charge of aggravated sexual assault and the finding of delinquent conduct, complains of the trial court's failure to file findings of fact and conclusions of law, and complains that the trial court failed to properly admonish him in accordance with TEX.FAM.CODE ANN. § 54.03(b) (Vernon Supp.1992). We agree that the evidence is insufficient to support a finding of aggravated sexual assault, but disagree with the remainder of appellant's points of error. We affirm the trial court's judgment of delinquent conduct based on criminal trespass, but we reverse and render judgment on the charge of aggravated sexual assault.

By his first point of error, appellant complains that the trial court failed to file findings of fact and conclusions of law. He argues that such failure is presumed harmful to the complaining party and that such harm mandates reversal. Appellant further argues that he suffered actual harm by having to "guess" the reasons the trial court found him to have engaged in delinquent conduct, by having no opportunity to object to the trial court's findings, and by having no opportunity to address the trial court's findings by brief and argument.

When a party has timely and properly requested findings of fact and conclusions of law and the trial court fails to comply with such request, injury to the complaining party is presumed unless the record affirmatively shows the contrary. *Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254, 256 (Tex.1984); *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117, 119–120 (1944); *Federal Deposit Ins. Corp. v. Morris,* 782 S.W.2d 521, 523 (Tex. App.—Dallas 1989, no writ); *Anzaldua v. Anzaldua,* 742 S.W.2d 782, 784 (Tex. App.—Corpus Christi 1987, writ denied); *Joseph v. Joseph,* 731 S.W.2d 597, 598 (Tex. App.—Houston [14th Dist.] 1987, no writ).

The test for determining whether a party suffered harm by the trial court's failure to file findings of fact is whether the circumstances of the particular case require an appellant to guess the reason or reasons that the judge has ruled against her. *Federal Deposit Ins. Corp.,* 782 S.W.2d at 523; *Fraser v. Goldberg,* 552 S.W.2d 592, 594 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). A reviewing court will ordinarily abate an appeal and order the trial judge to make appropriate findings. *Anzaldua,* 742 S.W.2d at 783. A question to consider is whether the appellant was prevented from making a proper presentation of the issues in the case. *Anzaldua,* 742 S.W.2d at 784; *Stubbs v. Stubbs,* 715 S.W.2d 373, 374 (Tex. App.—Houston [1st Dist.] 1986, no writ).

The Texas Rules of Civil Procedure govern juvenile delinquency adjudications, unless they conflict with a provision of Title 3 of the Family Code. TEX.FAM.CODE ANN. § 51.17 (Vernon 1986). A recitation of findings of fact in the judgment is deemed insufficient. TEX.R.CIV.P. 299a. However, if a juvenile court finds that a child engaged in delinquent conduct, it is required to state which of the allegations in the petition it found to be established by the evidence. TEX.FAM.CODE ANN. § 54.03(h). A finding that the juvenile violated any penal law of this State that is punishable by imprisonment or confinement in jail is sufficient to support an adjudication of delinquency. TEX.FAM.CODE ANN. § 51.03(a) (Vernon Supp.1992).

In the present case, the judgment clearly states that the trial court found appellant engaged in delinquent conduct by committing aggravated sexual assault and criminal trespass. Furthermore, the record clearly shows that the trial judge orally pronounced from the bench his findings that appellant engaged in delinquent conduct as alleged in count one of the petition (aggravated sexual assault) and that appellant engaged in delinquent conduct as alleged in count two of the petition (criminal trespass). Appellant was not prevented from making a proper presentation of the issues in this case, nor did he have to guess the reasons the trial court adjudicated him

delinquent. Appellant is able to present an appeal challenging the judgment on both issues. Had the trial court timely filed findings of fact in this case, appellant's burden on appeal would be the same: negate findings of criminal trespass and aggravated sexual assault. Any error committed by the trial court in failing to file findings of fact and conclusions of law is harmless. TEX.R.APP.P. 81(b)(1). We overrule appellant's first point of error.

By his second point of error, appellant complains that the trial court failed to properly admonish him regarding his privilege against self-incrimination and failed to admonish him that an adjudication could be used against him in a subsequent criminal proceeding. Appellant argues that his guardian was present at the hearing, but the trial court failed to direct remarks, questions, explanations or statements to her when he was admonished pursuant to TEX.FAM.CODE ANN. § 54.03(b). Appellant admits that the trial court admonished him that a finding of aggravated sexual assault could be used in a subsequent criminal proceeding, but he argues that the trial court erred in not giving him the same admonishment regarding the criminal trespass charge. Appellant also admits that the trial court asked him if he understood the charges against him, but he argues that the explanation of the allegations was insufficient and that the trial court erred in failing to explain the necessary elements of the offenses and in failing to inquire whether appellant had any knowledge of the necessary elements.

 Appeals in juvenile delinquency proceedings are governed by the rules of civil procedure. *Brenan v. Court of Civil Appeals, Fourteenth Dist.,* 444 S.W.2d 290, 292 (Tex.1969); *In re T.D.S.,* 810 S.W.2d 906, 907 (Tex.App.—San Antonio 1991, no writ); TEX.FAM.CODE ANN. § 56.01 (Vernon

1986). Generally, in order to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desires the court to make if the specific grounds are not apparent from the context. TEX. R.APP.P. 52(a).

We note that authorities are divided on whether the failure to admonish a juvenile according to TEX.FAM.CODE ANN. § 54.03(b) is fundamental error. The San Antonio Court of Appeals is clearly of the opinion that failure to give the admonishments contained in TEX.FAM.CODE ANN. § 54.03(b) is fundamental error. *In re G.K.G.,* 730 S.W.2d 182, 183–84 (Tex.App.—San Antonio 1987, no writ); *In re I.G.,* 727 S.W.2d 96, 99 (Tex.App.—San Antonio 1987, no writ). The Austin Court of Appeals does not consider a failure to admonish the juvenile fundamental error and requires appellants at least to raise the issue by point of error in the initial appellate brief. *In re R.L.H.,* 771 S.W.2d 697, 702 (Tex.App.—Austin 1989, writ denied). The Austin Court of Appeals, however, did not hold that a trial objection was necessary to preserve a complaint that the trial court failed to properly admonish the juvenile. The Texas Supreme Court is mute on this issue.[1]

 A juvenile is entitled to the essentials of due process and fair treatment, for juvenile delinquency proceedings may result in the juvenile being deprived of liberty, though the proceeding is civil in nature. *L.G.R. v. State,* 724 S.W.2d 775, 776 (Tex. 1987). It is well settled that juvenile proceedings are civil in nature with criminal overtones. *In re I.G.,* 727 S.W.2d at 100 (Esquivel, J., dissenting). In an adult criminal prosecution, the trial court must admonish the defendant before accepting a

---

1. The Texas Supreme Court previously found trial court error to be fundamental on the quantum of proof charged to the jury in a juvenile case, stating:

> In the ordinary civil case, the alleged error in the charge to the jury would be considered as waived. But in view of the constitutional importance of this case to the public generally, and in view of the fact that juvenile pro-

ceedings are not designed to be conducted as ordinary adversary proceedings, the point raises a question of fundamental error, and it will be so treated.

*State v. Santana,* 444 S.W.2d 614, 615 (Tex. 1969), *vacated per curiam,* 397 U.S. 596, 90 S.Ct. 1350, 25 L.Ed.2d 594 (1969), *dism'd on remand,* 457 S.W.2d 275 (Tex.1970).

guilty plea. Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989). Failure to give required admonishments to a criminal defendant before accepting a guilty plea is fundamental error. *Whitten v. State*, 587 S.W.2d 156, 159 (Tex.Crim.App.1979).

However, it is stated that in a civil case, fundamental error occurs only in rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and Constitution of Texas. *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982).[2]

Requiring a juvenile to object to a trial court's failure to admonish him regarding his rights against self-incrimination, the nature of the allegations against him, and the nature and consequences of the proceedings as a requisite to appeal would eviscerate the very purpose of the required admonishments. The legislature requires the admonishments to ensure the juvenile's understanding of the nature of the proceedings and his rights against the State. *In re I.G.*, 727 S.W.2d at 99. A juvenile with no understanding of the proceedings and his rights would not be able to formulate any objection to the trial court's failure to admonish. A juvenile with the ability to formulate an objection to the trial court's failure to admonish would already be aware of the nature of the proceedings and his rights against the State and would not be in need of the admonishments. We adopt the reasoning of the Court of Criminal Appeals regarding the importance of statutory admonishments and hold failure to admonish a juvenile in accordance with Tex.Fam.Code Ann. § 54.03(b) is fundamental error, and a party may raise the issue at any time.

Thus, we agree with the San Antonio Court of Appeals that failure to admonish a juvenile pursuant to Tex.Fam. Code Ann. § 54.03(b) is fundamental error. *In re G.K.G.*, 730 S.W.2d at 183–84; *In re I.G.*, 727 S.W.2d at 99. However, where admonishments are given, the appellant

has the burden to show that he was harmed by defects in the admonishments. *See In re F.M.*, 792 S.W.2d 564, 565 (Tex. App.—Amarillo, 1990, no writ). The civil standard for harmless error applies to juvenile delinquency adjudications. *In re S.B.C.*, 805 S.W.2d 1, 8 (Tex.App.—Tyler 1991, no writ).

A juvenile delinquency adjudication based on a violation of a penal law that is classified a felony is admissible in a subsequent criminal prosecution for purposes of determining appropriate punishment. Tex.Code Crim.Proc.Ann. art. 37.07 § 3(a) (Vernon Supp.1992). The trial court properly admonished appellant of the admissibility of an adjudication based on aggravated sexual assault. Criminal trespass, however, is only a misdemeanor, Tex.Penal Code Ann. § 30.05(d) (Vernon Supp.1992), and a juvenile delinquency adjudication based on such a violation is not admissible in a subsequent criminal prosecution. The trial court properly admonished appellant concerning the admissibility of the juvenile delinquency adjudication in a subsequent adult criminal prosecution.

We find no error in the trial court's failure to direct comments, questions and explanations to appellant's guardian. Appellant cites *In re N.S.D.*, 555 S.W.2d 807, 808 (Tex.Civ.App.—El Paso 1977, no writ), for the proposition that the trial court must direct comments to the parent, guardian or guardian ad litem and obtain responses indicating their understanding of the proceedings and allegations. We find *N.S.D.* inapposite to appellant's complaint. In that case, the court reversed the adjudication on the grounds that the court merely gave the juvenile and his parent written instructions, which told them to direct any questions to the bailiff.

In the present case, appellant's guardian was present throughout the admonishments, which comprise thirteen pages of the statement of facts. The trial court assured itself of the guardian's presence during the admonishments, did not prevent the guardian from making comments or

---

**2.** However, see note 1, *supra*.

asking questions, and directly inquired of the guardian whether her grandson was mentally competent, to which she replied, "He knows what he's doing."

■■■ We agree with appellant that the trial court erred in failing to explain the allegations contained in the petition. The trial court's explanation of the allegations should make those allegations plain to the juvenile by stating the offense and its constituent elements. *See In re I.G.,* 727 S.W.2d at 99; *In re J.D.P.,* 691 S.W.2d 106, 107 (Tex.App.—San Antonio 1985, no writ); *W.J.M.A. v. State,* 602 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1980, no writ); *A.E.M. v. State,* 552 S.W.2d 952, 955 (Tex. Civ.App.—San Antonio 1977, no writ). The trial court explained that aggravated sexual assault depended on the victim's age being less than 14 years, but it failed to explain the other elements of the allegations in the petition. As we reverse the delinquency adjudication based on aggravated sexual assault on other grounds below, we review this error only with regard to the allegation of criminal trespass.

■■■ Appellant has failed to demonstrate how he suffered harm from the trial court's failure to explain the elements of criminal trespass. The trial court asked appellant if he had read the petition, if he had gone over it with his lawyer, and if he understood it. The trial court explained the range of punishment available upon an adjudication of delinquency based on all of the allegations in the petition. The trial court told appellant that he was charged with criminal trespass against a named victim and again asked if he understood the charge. Appellant answered all questions affirmatively. The trial court asked appellant if he desired the petition be read. Appellant responded that he expressly waived the reading of the petition. Finally, upon pleading "true" to the count of criminal trespass, appellant responded affirmatively to the trial court's questions of whether he answered "freely and voluntarily," whether his answer was his personal decision, and whether he did so because the allegations were in fact true. The court fully explained to appellant the meaning of his

agreement to stipulate testimony, and the stipulated testimony is sufficient to establish the offense of criminal trespass.

The language of TEX.FAM.CODE ANN. § 54.03(b) is mandatory. *W.J.M.A.,* 602 S.W.2d at 400. The record, however, shows that appellant was aware of the nature of the allegations against him and had sufficient opportunity to ask the trial court to explain anything he desired regarding the allegations. We find appellant suffered no harm from the trial court's failure to explain the constituent elements of the offense of criminal trespass and accordingly overrule appellant's second point of error.

By his third point of error, appellant complains that the evidence was insufficient to establish aggravated sexual assault. He argues that the trial court heard no evidence of the victim's age and that the victim's age is a necessary element of aggravated sexual assault as stated in the petition. We agree.

■■■ Delinquent conduct is conduct, other than a traffic offense, that violates a penal law of Texas punishable by imprisonment or by confinement in jail. TEX.FAM. CODE ANN. § 51.03 (Vernon Supp.1992). The child is presumed innocent of the charges, and a finding that a child has engaged in delinquent conduct requires proof beyond a reasonable doubt. TEX.FAM. CODE ANN. § 54.03(f). Thus, the legislature has codified the command of the United States Supreme Court that an adjudication of delinquency may rest only upon proof beyond a reasonable doubt of all the facts necessary to constitute the underlying offense. *In re Winship,* 397 U.S. 358, 364–68, 90 S.Ct. 1068, 1072–75, 25 L.Ed.2d 368 (1969).

■■■ Appellant was charged with aggravated sexual assault, TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(iii) and (2)(B) (Vernon 1989), for

causing his sexual organ to contact the vagina of [victim], a child younger than seventeen years of age and not the spouse of [O.L.] and the said [victim] was

then and there younger than fourteen years of age.

A necessary element of aggravated sexual assault under the State's theory is that the victim must be under the age of 14 years. *See Koffel v. State*, 710 S.W.2d 796, 802 (Tex.App.—Fort Worth 1986, no pet.).

The record contains no evidence that the victim was younger than 14 years old. The only evidence which tended to establish her age was her brother's testimony that he objected to appellant being the victim's boyfriend because the appellant was older than the victim. When the State concluded presenting evidence, the following exchange occurred:

COURT: All right. Was there testimony on the age of the victim?

PROSECUTOR: Your Honor, I'm not quite sure whether the victim stated her age.

DEFENSE: There was no testimony as to her age, Your Honor. That's the other thing.... [T]here was no testimony as to her age or birthday.

COURT: [The victim's brother] testified he was fourteen—fifteen. I do remember that; didn't he?

DEFENSE: I don't—

PROSECUTOR: Yes, he did.

COURT: Okay. Anything else?

PROSECUTOR: Nothing further from the State, Your Honor.

COURT: All right. Sexual assault is committed against a child if there is penetration or contact. The offense is an aggravated offense if the child is younger than fourteen years. It's sexual assault if the child is seventeen years or younger than seventeen. It's clear to me that the [victim] is a child.

I find that the State has proven beyond a reasonable doubt the allegations contained in count one of the petition.

The trial court heard no evidence that the victim was younger than 14 years. The victim's brother stated that the victim was younger than appellant, necessarily placing her under the age of 18 years, but no other mention of her age appears of record. Since the State offered no evidence of an essential element of the offense of aggra-

vated sexual assault, it failed to prove the facts necessary to establish the offense beyond a reasonable doubt. We agree with appellant's third point of error and reverse the judgment of the trial court with respect to the charge of aggravated sexual assault.

Appellant, in his fourth and fifth points of error, complains that the trial court erred by adjudicating him a delinquent despite the State's failure to prove the averments in the Original Petition for Adjudication. We agree that the State failed to prove aggravated sexual assault against appellant. However, the finding of criminal trespass is valid and unchallenged. We disagree that the State failed to prove criminal trespass against appellant.

That portion of the judgment adjudicating appellant a delinquent for aggravated sexual assault is REVERSED AND RENDERED. That portion of the judgment adjudicating appellant a delinquent for criminal trespass is AFFIRMED.