cv3-691 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00691-CV







 Helen T. McFarland, Appellant



v.



Joshua M. Cummings, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 9211384, HONORABLE PETER M. LOWRY, JUDGE PRESIDING








 In a suit affecting the parent-child relationship, appellant Helen T. McFarland appeals
from an order of the district court of Travis County denying her request to be named managing
conservator of Haley Elyse Anastasis in preference to the child's father, appellee Joshua M.
Cummings. We will reverse the order of the district court and remand the cause for a new trial.



PROCEDURAL BACKGROUND


 Jamie Jo McFarland, mother of Haley Anastasis, was killed in a car accident. Cummings
filed an original suit affecting the parent-child relationship seeking to establish his paternity of the
child. He named McFarland, the child's maternal grandmother, as a respondent in the action. 
McFarland answered, denied Cummings' paternity, and filed a cross-action seeking appointment
as managing conservator. Cummings then amended his pleadings omitting McFarland as a party
and denying her standing to assert the action. He did not move for a dismissal. The trial court
signed a decree establishing Cummings' paternity. In a final hearing held in March 1993, the trial
court denied McFarland's cross-action for managing conservatorship but granted her specified
access to the child. McFarland appeals the trial-court order signed on September 1, 1993. 



DISCUSSION


 McFarland raises five points of error. (1) All challenge the trial court's appointment of
Cummings as managing conservator. At the end of the March hearing, the trial court stated,
"And I am going to rule . . . that the father be the managing conservator. . . . " The court's
written order makes several references to a managing conservator; however, the text of the order
does not appoint anyone either a managing conservator or a possessory conservator. The points
of error, therefore, are directed to a matter not contained in the final order, although both parties'
briefs assume the appointment was made and neither raises this omission. Consequently, we
address McFarland's fourth point of error regarding the trial court's failure to file findings of fact
and conclusions of law and decide the appeal on that basis.

 When a party timely requests the trial court to file findings of fact and conclusions of law,
the trial court's duty to file findings and conclusions is mandatory. Tex. R. Civ. P. 297. If the
trial court fails to file findings of fact, harm to the requesting party is presumed unless the record
affirmatively shows no harm occurred. Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772
(Tex. 1989). Cf. Las Vegas Pecan & Cattle Co. v. Zavala County, 682 S.W.2d 254, 256 (Tex.
1984) (failing to file requested findings will not require reversal of the trial court judgment if the
record affirmatively shows that the complaining party suffered no injury); Wagner v. Riske, 178
S.W.2d 117, 120 (Tex. 1944). The test for determining whether a party has been harmed by the
trial court's failure to file findings of fact is whether the circumstances require the party to guess
the reasons for the trial court's adverse ruling. In re O.L., 834 S.W.2d 415, 418 (Tex.
App.--Corpus Christi 1992, no writ); Fraser v. Goldberg, 552 S.W.2d 592, 594 (Tex. Civ.
App.--Beaumont 1977, writ ref'd n.r.e.). Stated another way, the test is whether the party was
prevented from making a proper presentation of the issues of the case to the appellate court. In
re O.L., 834 S.W.2d at 418; see Stubbs v. Stubbs, 715 S.W.2d 373, 374 (Tex. App.--Houston [1st
Dist.] 1986, no writ). McFarland complains that the failure of the trial court to file
findings of fact and conclusions of law makes it impossible for her to determine the basis of the
trial court's decision and challenge it properly on appeal. Indeed, the parties disagree even as to
the meaning of the trial court's ruling. 

 Under section 14.01 of the Texas Family Code, in order to overcome the presumption in
favor of appointing a parent, McFarland had to establish that the appointment of Cummings as
managing conservator would not be in the child's best interest because it would "significantly
impair the child's physical health or emotional development." Tex. Fam. Code Ann.
§ 14.01(b)(1) (West Supp. 1995) (emphasis added); Lewelling v. Lewelling, 796 S.W.2d 164, 166-67 (Tex. 1990). McFarland argues that the court's denial of her cross-action resulted from its
failure to find that she carried her burden to prove this fact. She insists that the evidence in
support of the trial court's adverse order is legally and factually insufficient and instead shows she
met her burden of proof under section 14.01. 

 Responding to McFarland's evidentiary challenges, Cummings argues that McFarland has
incorrectly identified the issue decided by the trial court. He contends that the trial court did not
adjudicate McFarland's action on the merits, but rather the question of her standing to assert her
cross-action. A grandparent may file an original suit seeking managing conservatorship over a
parent if the grandparent can show satisfactory proof to the court that the child's environment with
the parent "presents a serious and immediate question concerning the welfare of the child." Act
of June 20, 1987, 70th Leg., R.S., ch. 744, § 1, 1987 Tex. Gen. Laws 2666 (Tex. Fam. Code
Ann. § 11.03(b)(1), since amended) (emphasis added); (2) Von Behren v. Von Behren, 800 S.W.2d
919, 921 (Tex. App.--San Antonio 1990, writ denied); McCord v. Watts, 777 S.W.2d 809, 812
(Tex. App.--Austin 1989, no writ) (recognizing that Texas Family Code restricts a grandparent's
right to initiate litigation involving a grandchild). Cummings argues that the denial of
McFarland's cross-action reflects the court's determination that McFarland failed to meet this
threshold requirement. (3) 

 Cummings bases his argument on a bench pronouncement at the final hearing in which
the trial court stated that McFarland failed to show "a clear and immediate danger" to the child. 
McFarland complains that this is an incorrect statement of a grandparent's burden of proof. We
do not consider such oral pronouncements in reviewing a trial court's ruling. See Zavaletta v.
Cellular Eng'g, Ltd., 805 S.W.2d 915, 916 (Tex. App.--Corpus Christi 1991, no writ) ("The
integrity of the appellate process is dependent upon [trial-court] judgments which are in writing
. . . ."). Nevertheless, in light of this record, the conflicting evidence, and the disagreement as
to the terms and effect of the court's order, we cannot say the absence of findings of fact and
conclusions of law causes no harm in this appeal. McFarland should not have to attack every
possible basis for the order or to guess why her requested relief was denied. See Fraser, 552
S.W.2d at 594. Thus, we hold that the record does not affirmatively show that McFarland has
not been harmed by the failure of the trial court to file findings of fact and conclusions of law. 

 The Texas Supreme Court has held that when the trial judge continues to serve on the
district court, any harm resulting from the failure of the trial court to file findings of fact and
conclusions of law may be remedied through abatement. Cherne Indus., 763 S.W.2d at 773. In
the instant cause, however, both parties agreed at oral argument that their preferred relief, if the
record did not disprove harm to McFarland, was reversal for a new trial. In such an
instance--when both parties agree--in the interest of justice we will reverse and remand the cause
for a new trial in accordance with Texas Rule of Appellate Procedure 81(b)(1), which requires
reversal if the appellate court believes that trial-court error prevented the appellant from making
a proper presentation of the case to the appellate court.

 Therefore, we sustain McFarland's fourth point of error. We reverse the trial court order
and remand the cause for a new trial. 



 Marilyn Aboussie, Justice

Before Justices Aboussie, Jones and Kidd

Reversed and Remanded

Filed: February 8, 1995

Do Not Publish

1.   McFarland's first three points challenge the legal and factual sufficiency of the evidence
supporting the trial court's order. Her fourth point of error contends the trial court erred by
failing to file findings of fact and conclusions of law upon timely request. Her fifth point of
error argues that the trial court committed fundamental error because its order adversely
affected the public interest and violated the child's constitutional rights.
2.   Section 11.03(b)(1) of the Texas Family Code was substantively amended effective
August 30, 1993; we apply the version of section 11.03(b)(1) in effect at the time of the
proceedings below.
3.   We note that section 14.03 of the Family Code permits a grandparent to seek access
rights to a child if that person is the parent of a deceased parent of the child. Tex. Fam. Code
Ann. § 14.03(e)(1), (f) (West Supp. 1995). In addition, a grandparent may intervene in a
pending action under less strict standards. See McCord, 777 S.W.2d at 812-13 (stating that
once the child's best interest is being litigated before the court, it is within the trial court's
discretion to determine that a grandparent's intervention may enhance the court's ability to
adjudicate in the child's best interest).