In The Matter of J.M., Jr.

No. 13–95–269–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1996.

Constance A. Luedicke, Attorney at Law, Corpus Christi, for Appellant.

Deanie M. King, Assistant County Attorney, Corpus Christi, for Appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

YAÑEZ, Justice.

J.M., Jr., a minor, brings this appeal from a judgment entered adjudicating him a juve-

nile delinquent. Appellant was sentenced to commitment at the Texas Youth Commission by the juvenile court for an indeterminate period of time (not to exceed his 21st birthday), upon the recommendation of the referee who presided at his adjudication and detention hearings. By a single point of error, appellant contends that the trial court committed reversible error at his adjudication hearing because it did not fully admonish him of his rights as required by law. We affirm.

Appellant was charged with the offense of aggravated robbery after he and two other co-defendants allegedly confronted a stranger and, while exhibiting a knife, demanded the person hand over his jewelry. He was arrested shortly after the commission of the offense.

Appellant complains on appeal that he was not afforded his rights under section 54.03(b) of the Texas Family Code, which details the admonishments which must be provided to juveniles at the commencement of any adjudication hearing. Specifically, appellant contends that the trial court did not explain the nature of the charge against him, and it made no attempt to ascertain at any time whether he understood the charge against him.

Section 54.03(b) of the Family Code reads:

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

1) the allegations made against the child;

2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

3) the child's privilege against self-incrimination;

4) the child's right to trial and confrontation of witnesses;

5) the child's right to representation by an attorney if he is not already represented; and

6) the child's right to trial by jury.

TEX.FAM.CODE ANN. § 54.03(b) (Vernon Supp. 1996).

■ Under ordinary circumstances, these admonitions are mandatory, and the failure of the court to warn the child as required constitutes fundamental error. *In re R.W.*, 884 S.W.2d 502, 502 (Tex.App.— Corpus Christi 1994, writ denied); *In re O.L.*, 834 S.W.2d 415, 420 (Tex.App.—Corpus Christi 1992, no writ); *In re T.F.*, 877 S.W.2d 81, 82 (Tex.App.—Houston [1st Dist.] 1994, no writ); *I.G. v. State*, 727 S.W.2d 96, 99 (Tex.App.—San Antonio 1987, no writ). *Contra In re R.L.H.*, 771 S.W.2d 697 (Tex. App.—Austin 1989, writ denied). The purpose of the admonishments mandated by section 54.03(b) is to impart information necessary for a minimal understanding of the procedures, purpose, and gravity of an adjudication hearing. *In re J.D.C.*, 917 S.W.2d 385, 386 (Tex.App.—Houston [14th Dist.] 1996, n.w.h.). A court which fails to explain the allegations contained in the petition in plain terms, by stating the offense and its constituent elements, commits error. *In re O.L.*, 834 S.W.2d at 421.

■ However, the Code also provides that certain rights afforded to the juvenile may be waived. An adjudication hearing may be held before a referee instead of a juvenile court judge if the child and his attorney waive the child's right to a hearing before a juvenile court judge. TEX.FAM.CODE ANN. § 54.10(a)(2) (Vernon Supp.1996). Moreover, the Code provides that "any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title," provided certain conditions precedent to the waiver are met.[1] We construe this section to allow for the affirmative waiver of the ad-

1. Section 51.09(a) of the Family Code provides that a waiver of rights is effective "unless a contrary intent clearly appears elsewhere in this title," so long as the following four conditions are met:

monishments provided for in section 54.03(b). *See I.G. v. State*, 727 S.W.2d at 98 n. 1 (suggesting that the only way for juvenile to waive admonishments would be through valid waiver under section 51.09).

■ We have reviewed the transcript of this cause and concluded that appellant waived his right to a hearing before a juvenile court judge,[2] and also waived his entitlement to an admonishment of certain rights listed in section 54.03(b). On the same date as the adjudication hearing, appellant filed with the court a document titled "Juvenile's Waiver of Rights," wherein he waived the following rights:

> *Waiver of Hearing by District Judge:* I understand my right to a hearing before the Juvenile Court Judge or a substitute judge. I hereby waive my right to a hearing before said judge and agree that my case be heard by an appointed referee.

> *Waiver of Reading of Entire Adjudication Petition:* I am acquainted with and fully understand the nature of the charge against me as set out in the adjudication petition in this cause. I hereby waive any right to have the petition read to me in its entirety.

Appellant's handwritten initials appear next to each specific waiver,[3] and his signature appears at the bottom of the document. Also attached to the document is a signed statement by appellant's attorney, Constance Luedicke, verifying that she had read and explained appellant's rights to him, that appellant understood those rights, and that appellant freely and voluntarily waived those

rights with Luedicke's consent and approval. This document was a valid waiver under section 51.09(a).

■ The transcript also contains a document entitled "Court's Written Admonishments to Juvenile," which names the charged offense, explains the nature and consequences of the hearing, and appellant's right to remain silent, to a jury trial, to confront witnesses, to an attorney, and finally his right to appeal. This document is signed by juvenile, his attorney,[4] and the referee.

At the adjudication hearing, also attended by appellant's parents, the record reflects that the referee called appellant's attention to the waiver document, verifying that appellant had in fact executed it. Nonetheless, the referee proceeded to admonish appellant in accordance with section 54.03(b). He explained the range of punishment available upon adjudication of delinquency. The referee explained that, because appellant was charged with an offense classified as a felony under the Penal Code, the court's finding in the matter could be used against him in the future. He explained to appellant that he had the right to refuse to make any statements, the right to a jury, the right to cross-examine witnesses, and the right to be represented by an attorney. However, instead of explaining the allegations against appellant, the referee again referred to the document.

> Court: Okay. I have before me an instrument that appears to have your signature which is entitled "Waiver of Reading of Entire Adjudication Petition," wherein you're telling me you do not want the

---

1) the waiver is made by the child and the attorney for the child,
2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it,
3) the waiver is voluntary, and
4) the waiver is made in writing or in court proceedings that are recorded.

TEX.FAM.CODE ANN. § 51.09(a) (Vernon 1986).

**2.** Both the child and his attorney waived the right to a hearing before a juvenile district judge in writing, in compliance with sections 51.09 and 54.10(a)(2) of the Family Code. TEX.FAM. CODE ANN. §§ 51.09 & 54.10 (Vernon Supp.1996).

**3.** Also included in the document were waivers of his right to a jury trial, his right to allow his court-appointed attorney 10 days to prepare for the hearing, and his right to present, confront, and cross-examine witnesses.

**4.** Above appellant's signature is a statement to the effect that he fully understands the admonishments and his constitutional rights, and that his attorney fully explained them to him. A substantially similar statement appears above his attorney's signature.

entire petition read to you out loud in court; is that correct?

[J.M.]: Yes, sir.

The court also questioned appellant regarding his express waiver of a ten-day preparation period, and the waiver of his right to a jury trial. He asked appellant if it was his signature on the document waiving the aforementioned rights, to which appellant answered affirmatively. The referee then asked appellant's attorney if she had discussed his right to a jury trial, whether appellant knowingly and voluntarily gave up that right, and whether his attorney joined in that waiver. Once the referee had addressed all preliminary matters, he asked appellant how he pleaded to the allegation of aggravated robbery. After a moment's confusion, appellant pleaded true and the referee accepted his plea.[5] The record also reflects that appellant had signed a Stipulation of Evidence, which was offered by the State and admitted prior to the court's announcement that it found appellant had engaged in delinquent conduct.

We conclude that the waiver executed was valid and that the court committed no error in following the instructions detailed in the waiver form. We have held that, in the absence of a valid waiver, the admonishment of rights from a juvenile's attorney alone are insufficient to comply with section 54.03. *In re L.T.*, 848 S.W.2d 769, 771 (Tex.App.—Corpus Christi 1993). Such explanation has been deemed necessary because a juvenile is not presumed to know what the constituent elements of the charged offense are. *See J.D.P. v. State,* 691 S.W.2d 106, 107 (Tex. App.—San Antonio 1985, no writ).

[redacted] In the instant case, however, appellant waived his right to have the allegations explained in writing, stating that he was acquainted with and "fully [understood] the nature of the charge against him" and specifically waived his right to have the petition read to him. At the hearing, appellant again confirmed that he understood the nature of the charge when questioned by the court in the presence of his parents. The record indicates that he was aware of the nature of the allegations against him, and was given sufficient opportunity to have them explained to him. *See In re O.L.*, 834 S.W.2d at 421. Because we find that appellant waived his right to have the allegations explained to him at the commencement of the hearing, and has not shown any harm resulting from the waiver, we overrule appellant's sole point of error.

The judgment of the trial court is AFFIRMED.

[redacted]

5. Appellant cites this exchange as evidence that appellant did not understand the proceedings. Appellant initially said "not true," at which point his mother apparently interjected, "it is true." Appellant said "not true" again, whereafter the referee attempted to clarify the response with "I'm sorry?" Appellant's attorney asked the referee to pose the question again, whereupon appellant pleaded "true" to the allegation, and the court accepted this plea. We do not find this exchange alone invalidates the results of the adjudication hearing.