929 S.W.2d 687 (1996)
In the Matter of M.R.R., Jr., a Juvenile.
No. 04-94-00571-CV.
Court of Appeals of Texas, San Antonio.
September 25, 1996.
Rehearing Overruled October 17, 1996.
*688 Mark Stevens, San Antonio, for appellant.
Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for appellee.
Before GREEN and DUNCAN and CAMPBELL,[1], JJ.

OPINION
CHARLES F. CAMPBELL, Justice.
Appellant, a juvenile, was charged by petition with engaging in delinquent conduct by committing the offense of capital murder. Appellant pleaded not true to the petition, but the jury found the allegation in the petition to be true and assessed a determinate sentence of forty years imprisonment. Notice of appeal was timely filed. In his brief, appellant raises sixteen points of error for our consideration. Because of our disposition of point of error one, it will not be necessary for us to reach the remaining points. We will reverse.
In his initial point of error, appellant alleges that the trial court erred in conducting appellant's adjudication hearing by not giving the admonitions and explanations required by TEX.FAM.CODE ANN., Sec. 54.03(b), and that such omission constitutes fundamental error. It is stipulated by both sides that appellant lodged no objection to the failure of the trial judge to admonish under Sec. 54.03(b). In its brief, the State concedes that the record fails to reflect these required admonitions and admits that there is no evidence in the record that such was ever done. The State candidly concedes there is an abundance of authority that the failure to comply with the requirement of Sec. 54.03(b) constitutes fundamental, reversible error.
Section 54.03(b) prescribes that a judge explain, at the beginning of the adjudication hearing, to the child and his parent, guardian, or guardian ad litem, the following:
(1) the allegations made against the child;
(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;
(3) the child's privilege against self-incrimination;
(4) the child's right to trial and to confrontation of witnesses;
(5) the child's right to representation by an attorney if he is not already represented; and
(6) the child's right to trial by jury.
TEX.FAM.CODE ANN. § 54.03(b)(Vernon 1996). Both appellant and the State agree that there was non-compliance with this statute in this case. This Court has previously held that these admonishments are a condition precedent to a finding that a juvenile has engaged in delinquent conduct. In re A.L.S., 915 S.W.2d 114, 114-115 (Tex.App.San Antonio 1996, no writ); In re I.G. v. State, 727 S.W.2d 96, 99 (Tex.App.San Antonio 1987, no writ). We further held that a trial court's failure to give the required admonishments was fundamental error, and no objection at trial was necessary to preserve the complaint for appeal. In re A.L.S., 915 S.W.2d at 116. Appellant's first point of error is sustained.
While conceding error, the State, in its brief, advances several theories as to why the trial court's judgment should be affirmed. The State argues that the doctrine of fundamental error is a discredited doctrine and therefore should be abandoned. This Court dealt with the doctrine of fundamental error a short time ago, in the context of this same Family Code provision, observing:
The Supreme Court has stated that in proceedings where a child risks loss of liberty, the public interest in ensuring that *689 the child is given proper notice of the allegations against him has been declared in the mandatory notice requirements of section 54.03(d) of the Texas Family Code. This same public interest is further declared in the mandatory admonishment provisions of section 54.03(b), which are intended to apprise a juvenile of his most basic, fundamental rights. In order to foster this public interest, the legislature made the explanation under section 54.03(b) mandatory as a means to assist children, who are too inexperienced and unskilled to fully understand the nature of juvenile proceedings and the possible consequences thereof. Therefore, we continue to hold that failure to admonish a child as required by section 54.03(b) constitutes fundamental error, and no objection at trial is necessary to preserve the complaint for appeal.
In re A.L.S., 915 S.W.2d at 116 (citations omitted). We decline the State's invitation to revisit this rationale.[2]
In the alternative, the State asks us to find that the error was harmless pursuant to TEX.R.APP.P. 81(b)(1). The State argues that the appellant knew the allegation against him, knew the nature and possible consequences of the proceedings, did not testify and thus avoided self-incrimination, had a trial and confronted the witnesses against him, was represented by counsel, and had a jury trial. Thus, says the State, the error was rendered harmless by the unfolding of the adjudication proceedings itself.
We first observe that appellant was not admonished as to the admissibility of the record of a juvenile court adjudication in a criminal proceeding pursuant to section 54.03(b)(2), and nothing occurred during the proceeding that would cure such an omission. Secondly, and lastly, when an appellate court finds error to be fundamental in nature, as in the instant case, nothing that occurs during the trial can cure the error, because statutory or constitutional prescriptions often implicate substantial societal interests exclusive of the error in a particular trial. In such cases, a defendant stands as society's surrogate society's interest in the right has nothing to do with the trial result.[3] We reject the State's learned argument for the application of Rule 81(b)(1).
The judgment of the trial court is reversed and the cause is remanded for a new trial.
NOTES
[1] Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).
[2] The State urges this court to follow the rationale of the Austin Court of Appeals in In re R.L.H., 771 S.W.2d 697 (Tex.App.Austin 1989, writ denied). We decline to adopt a rationale that holds essentially that one legislative enactment is just as important as another, ergo, section 54.03(b) is no more important than any other statute. This simplistic approach ignores the fact that a juvenile adjudication proceeding is quasi-criminal in nature and can (and in the instant case did) involve the deprivation of a child's liberty by the State. Such a statute can hardly be compared to the "Natural Resources Code, the worker's compensation statutes and the Tax Code." Id. at 702.
[3] See generally Steven H. Goldberg, Harmless Error: Constitutional Sneak Thief, 71 J. CRIM.L. & CRIMINOLOGY 421 (1980); Stephen A. Saltzburg, The Harm of Harmless Error, 59 VA.L.Rev. 988 (1973).