**In the Matter of D.I.B.**

No. 04–97–00059–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 18, 1998.

Robert A. Berg, Robert A. Berg, Corpus Christi, for Appellant.

Joe Frank Garza, Dist. Atty., Thomas S. Turner, Asst. Dist. Atty., Alice, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

LÓPEZ, Justice.

This appeal arises from an adjudication of juvenile delinquency. A jury determined that D.I.B. engaged in delinquent conduct by committing murder and assessed a determinate sentence of twenty years confinement. Because we find that the trial court committed reversible error in admonishing D.I.B. prior to the entry of her plea, we reverse and remand for a new trial.

D.I.B. was a fifteen-year-old high school student at the time of the event that is the subject of this appeal. At that time, D.I.B. lived with her 22–year–old boyfriend, Armando, and Armando's mother. One day Armando picked D.I.B. up from school and the two began teasing each other about a friend of Armando's named "Amy." Upon reaching home, D.I.B. picked up Armando's gun, pointed it at Armando and told Armando that she should shoot him. The gun fired and Armando was killed. At the adjudication hearing, the State contended that D.I.B. knew the gun was loaded and that she shot Armando because she was mad at him about Amy. In defense, D.I.B. contended that the shooting was accidental because she did not know the gun was loaded. Despite this defense, the jury found that D.I.B. engaged in delinquent conduct by murdering Armando. D.I.B. raises three points of error in her appeal.

In her first point of error, D.I.B. argues that her disposition should be reversed because the court failed to admonish her in compliance with section 54.03(b) of the Texas Family Code. Section 54.03(b) specifies several admonishments that the trial court must give a juvenile at the beginning of an adjudication hearing. *See* Tex. Fam.Code Ann. § 54.03(b) (Vernon 1996) (specifying admonishments for juvenile adjudication hearings). These admonitions are mandatory to protect juveniles by ensuring they understand the nature of judicial proceedings against them. *See In the Matter of J.D.C.,* 917 S.W.2d 385, 386 (Tex.App.—Houston [14th Dist.] 1996, no writ) (explaining public policy considerations for mandatory admonishments). Due to the importance of these admonishments, failure of the trial court to admonish the child in accordance with section 54.03(b) is fundamental error. *See In the Matter of J.D.C.,* 917 S.W.2d at 386 (explaining why admonishments are mandatory); *In the Matter of I.G. v. State,* 727 S.W.2d 96, 99 (Tex.App.—San Antonio 1987, no writ) (determining that failure to admonish in accordance with section 54.03(b) is fundamental error). D.I.B. complains about several aspects regarding the court's admonishments, but two of those complaints require us to reverse.

First, section 54.03(b)(2) requires the trial court to admonish a juvenile about the nature and possible consequences of the delinquency proceedings. In attempting to properly admonish D.I.B., the trial court erroneously admonished D.I.B. that only the jury could grant probation for the offense of murder. Although section 54.03(b)(2) does not require the trial court to admonish a juvenile about who can grant probation, once

the trial court undertakes such an admonishment, it is required to do so correctly. *See Sanchez v. State,* 854 S.W.2d 677, 679 (Tex. App.—Dallas 1993, no pet.) (stating that when "trial court volunteers information concerning probation, it is under affirmative duty to provide accurate information"); *see also Ex parte Williams,* 704 S.W.2d 773, 776 (Tex.Crim.App.1986) (finding that although trial court is not under mandatory duty to admonish defendant on probation, trial court places itself under duty to provide accurate information when it volunteers such information prior to accepting defendant's plea).

The record indicates that the trial judge had never adjudicated a juvenile delinquent for the offense of murder. Thus, the trial court, as well as the prosecutor and the defense attorney, was admittedly uncertain about whether it could grant probation if D.I.B. elected to have punishment assessed by the court. The source of this uncertainty was section 3g of article 42.12 of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art 42.12, § 3g (Vernon 1998). Article 42.12 of the Code of Criminal Procedure governs community supervision, the adult equivalent of juvenile probation. Section 3g of the article limits the circumstances in which the trial judge can grant community supervision in an adult proceeding. Basically, the trial judge cannot grant community supervision for offenses enumerated in section 3g of that article. *See id.* (limiting circumstances under which judge can order probation). The specified offenses are commonly referred to as the "3–G offenses." Murder is a 3–G offense.

At D.I.B.'s hearing, the judge indicated that unless the Family Code specifically provided that section 3g of article 42.12 did not apply to juvenile proceedings, he would proceed as if it did apply. Consequently, the judge admonished D.I.B. that he could not grant probation. The prosecutor and D.I.B.'s trial attorney proceeded as if this interpretation was correct. On appeal, D.I.B. maintains that the judge could have granted probation and that the failure to admonish her accordingly prejudiced her and amounted to fundamental error.

In response, the State argues on appeal that the Family Code does not specifically authorize a juvenile judge to grant probation for the offense of murder and notes that D.I.B. cites no specific authority permitting the trial judge to grant probation in a juvenile murder case. Instead, the State correctly notes, D.I.B. relies on the general purposes of juvenile law as reflected in the Family Code. Without specific authority giving the trial judge authority to grant probation, the State argues, the trial judge was bound to follow article 42.12 of the Code of Criminal Procedure.

■ This confusion is understandable in light of the absence of either statutory law or case law explicitly indicating whether the limitations of section 3g apply to juvenile proceedings. This ambiguity illustrates the confusion that sometimes results from adjudicating juvenile delinquency for criminal offenses as civil proceedings. Despite those disconnects, ambiguities can be clarified by relying on the overall purposes of juvenile law as specified in the Family Code. *See* Tex. Fam.Code Ann. § 51.01 (Vernon 1996).

■ Among the purposes of juvenile law is the goal of treating, training, and rehabilitating children. *See id.* § 51.01(1)(C). This objective is to be achieved "in a family environment whenever possible, separating the child from the child's parents only when necessary for the child's welfare or in the interest of public safety and when the child is removed from the child's family, to give the child the care that should be provided by parents." *Id.* § 51.01(5). Consistent with that objective, section 54.04(d)(*l*) provides that "the court or jury may ... place the child on probation on such reasonable and lawful terms as the court may determine." *Id.* § 54.04(d)(*l*); *see id.* § 54.04(*l*) (stating that "[a] court or jury may place a child on probation ... for any period, except that probation may not continue on or after the child's 18th birthday"). This authority was firmly in place in the Juvenile Justice Code before section 3g was enacted.

The Juvenile Justice Code, which included

this authority, was enacted in 1973,[1] while the limitation on judge-ordered community supervision can be traced back to 1977.[2] Notably both the Juvenile Justice Code and the Code of Criminal Procedure were amended in 1993. In that year, the legislature amended section 3g of article 42.12 the Code of Criminal Procedure to add murder as a 3–G offense. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3716, 3718 (adding murder and indecency with a child as 3–G offenses). During the same month, the legislature amended section 54.04(d) of the Juvenile Justice Code to enable the court or jury to place a juvenile on probation for more than one year. *See* Act of May 30, 1993, 73d Leg., R.S., ch. 1048, § 1, 1993 Tex. Gen. Laws 4473, 4474 (extending time period for which child may be placed on probation). Had the legislature intended for section 3g to limit judge-ordered probation in juvenile proceedings, these 1993 amendments were the appropriate time to so indicate. Although the legislature did not explicitly indicate that section 3g applies only to adult proceedings, the amendments indicate that section 3g does not apply to adjudications of juvenile delinquency. Because section 3g does not apply to juvenile proceedings, the trial court erred when he admonished D.I.B. that only the jury could grant her probation.

■ In addition to erroneously admonishing D.I.B. about who could grant probation, the trial court failed to admonish D.I.B. about "the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding." TEX. FAM.CODE ANN. § 54.03(b)(2) (Vernon 1996). Although the trial judge was aware of the requirement to admonish D.I.B. about this issue, it appears the judge simply misunderstood what was required. This admonishment required the juvenile judge to explain to the child that a juvenile delinquency adjudication based on a felony offense is admissible during the punishment phase of a subsequent adult prosecution. *See* TEX.CODE CRIM. PROC. ANN. art.

37.07 § 3(a) (Vernon Supp.1998); *see also* TEX.R.CRIM. EVID. 609(d). Unaware of this effect of an adjudication of juvenile delinquency, the trial judge proceeded as follows:

THE COURT: . . . with respect to a juvenile record, is there a juvenile record?

MR. TURNER [the prosecutor]: No, Your Honor.

THE COURT: So there is no issue there that needs to be discussed?

MR. TURNER: No, Your Honor.

As a result, the trial court failed to properly admonish D.I.B.

■ Having decided that the trial court failed to admonish D.I.B. in accordance with section 54.03(b), we need only mention the State's request that we adopt the reasoning used in *In the Matter of C.O.S.*, 961 S.W.2d 360 (Tex.App.—Houston [1st Dist.] 1997, no writ), to apply harm analysis to this error. But as we have indicated previously, this court bases its position that failure to properly admonish juveniles is fundamental error on societal interests beyond any error in a particular adjudication. *See In the Matter of M.R.R.*, 929 S.W.2d 687, 688 (Tex.App.—San Antonio 1996, no writ) (considering in determinate sentencing case, but rejecting, State's argument that doctrine of fundamental error for failing to properly admonish juveniles should be abandoned); *In re A.L.S.*, 915 S.W.2d 114, 116 (Tex.App.—San Antonio 1996, no writ) (explaining why admonishments are mandatory). The admonishments required by section 54.03(b) reflect the legislature's belief "that children are too inexperienced and unskilled to understand the nature and possible consequences" of a delinquency proceeding. *In the Matter of I.G. v. State*, 727 S.W.2d 96, 99 (Tex.App.—San Antonio 1987, no pet.). Even when the juvenile attempts to avoid the consequences of a finding of delinquency by pleading "not true," failure to properly admonish is fundamental error because nothing can occur subsequent to an erroneous admonishment that can cure such

1. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 544, 1973 Tex. Gen. Laws 1460 (enacting Title 3 of the Family Code to provide procedures relating to delinquent children).

2. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 2, 1977 Tex. Gen. Laws 925, 926 (limiting judge-ordered probation for offenses of capital murder, aggravated kidnaping, aggravated rape, aggravated sexual abuse, aggravated robbery, and those involving a deadly weapon).

an error. *See In the Matter of M.R.R.*, 929 S.W.2d at 689. As a result, we will not apply harm analysis. We sustain D.I.B.'s point of error about her admonishments, and reverse and remand for a new hearing.