**In the Matter of K.L.C.**

No. 04–96–00366–CV.

Court of Appeals of Texas,
San Antonio.

May 20, 1998.

Rehearing Overruled Sept. 4, 1998.

Rogelio F. Munoz, Uvalde, for Appellant.

Maida Modgling, Hondo, for Appellee.

Before HARDBERGER, C.J., and
RICKHOFF and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

K.L.C. brings this appeal from a judgment and disposition order entered pursuant to the determinate sentencing provisions of the Juvenile Justice Code. In two points of error, he argues that the juvenile court was without jurisdiction to impose a determinate sentence and that the court failed to admonish him as required by the Juvenile Justice Code. Although we conclude that the court had jurisdiction to impose the determinate sentence, we must reverse the judgment because the court failed to admonish K.L.C. properly.

### FACTUAL AND PROCEDURAL BACKGROUND

The State filed a seven-count petition alleging that K.L.C., a thirteen-year-old child, engaged in delinquent conduct by committing aggravated sexual assault. K.L.C. waived his right to a jury trial and pled not guilty to the court. At the conclusion of the adjudication hearing, the court found that the allegations in all seven counts of the petition were true and committed K.L.C. to the Texas Youth Commission for a determinate five-year sentence.

### JURISDICTION TO IMPOSE A DETERMINATE SENTENCE

In his first point of error, K.L.C. argues that the trial court was without jurisdiction to impose a determinate sentence because the petition upon which the cause proceeded to adjudication was not approved by a grand jury.

The Juvenile Justice Code allows for determinate sentencing of juveniles who commit certain violent offenses, including aggravated sexual assault. *See* TEX. FAM.CODE ANN. §§ 53.045(a)(4), 54.04(d)(3) (Vernon Supp.

1998). To initiate a determinate sentencing proceeding, the prosecutor must file a juvenile-court petition alleging a covered offense and must present the petition to the grand jury in the county in which the petition is filed. *See id.* § 53.045(a). "If the grand jury approves of the petition, the fact of approval shall be certified to the juvenile court, and the certification shall be entered in the record of the case." *Id.* § 53.045(d) (Vernon 1996). Once a grand jury has approved the petition, if the court or jury determines the juvenile committed a covered offense, the juvenile may be sentenced to commitment in the Texas Youth Commission for a determinate period with a possible transfer to the Texas Department of Criminal Justice. *See id.* § 54.04(d)(3) (Vernon Supp.1998).

In this case, the State filed its "Original Adjudication Petition" in the County Court at Law of Medina County. The record contains a "Certification to Juvenile Court" by the district clerk of Medina County, stating that the petition was approved by the Medina County Grand Jury. The case was subsequently transferred from the County Court at Law of Medina County to the 38th Judicial District Court of Medina County. The State then filed a "First Amended Adjudication Petition," which is identical to the original petition except for two items in the caption. First, whereas the original petition states, "In the County Court at Law of Medina County, Texas," the amended petition states, "In the District Court 38th Judicial District Sitting as a Juvenile Court." Second, in the amended petition, the county court cause number, "826," has been crossed out and a new cause number, "95–12–00001 Misc," has been written in by hand. The body of the amended petition does not vary in the slightest degree from the original petition. Although the amended petition was not presented to the grand jury for approval, the cause proceeded to adjudication based on the amended petition.

K.L.C. asserts that because the amended petition was not approved by the grand jury, the court did not have jurisdiction to impose a determinate sentence. For this argument, K.L.C. relies principally on *In re S.D.W.,* 811 S.W.2d 739 (Tex.App.—Houston [1st Dist.] 1991, no writ).

In *S.D.W.,* the State filed a multi-count petition alleging that the juvenile engaged in delinquent conduct by committing murder. At a pre-trial detention hearing, the prosecutor stated on the record that a grand jury had approved the petition the previous day. Although defense counsel apparently agreed that the petition had been approved, the record did not contain a certificate of approval. At the same hearing, the State moved to waive one count of the petition. The State subsequently amended the petition to re-allege the previously waived count, but it did not present the amended petition to the grand jury for approval. *See id.* at 742–44. The appellate court held that before a determinate sentence may be imposed, a grand jury must approve the petition upon which the judgment was based. *See id.* at 744. Therefore, the amended petition should have been presented to the grand jury. *See id.* The court further stated:

> Our holding is supported by the fact that, not only was the amended petition not presented to the grand jury for approval, but also, the record is devoid of any written indication the original petition was ever presented to the grand jury.....
>
> We find that a prosecutor's oral representations of approval by a grand jury, even coupled with the assent of a defendant's counsel, is not a "certification" within the meaning of the statute. Without certification of grand jury approval, and the entry of such certification into the record of the case, the trial court was without jurisdiction to impose a determinate sentence.

*Id.* (*citing* TEX. FAM. CODE ANN. § 54.04(d)(3)).

K.L.C. points out that in *S.D.W.,* as in this case, the amended petition did not contain any additional counts not included within the original, approved petition. Nevertheless, the appellate court concluded that the juvenile court could not impose a determinate sentence based on the amended petition because the amended petition had not been approved by the grand jury. While we acknowledge that this case is similar to

*S.D.W.* in that respect, we decline to apply the holding of *S.D.W.* under the circumstances of this case. Unlike in *S.D.W.*, the record in this case contains a certificate of approval regarding the original petition. Moreover, in *S.D.W.* the State attempted to prosecute the juvenile for a charge that had been expressly waived. In this case, the State never waived any allegation contained in the original petition. We also note that presenting the petition to the grand jury in determinate sentencing proceedings is analogous to the indictment procedure in criminal cases. *See* TEX. FAM.CODE ANN. § 53.045(d) (Vernon 1996). An amended indictment does not need to be resubmitted to the grand jury so long as the amendment does not charge the defendant with additional or different offenses and does not prejudice the substantial rights of the defendant. *See* TEX.CODE CRIM. PROC. ANN. art. 28.10 (Vernon 1989). The amended petition in this case did not allege any additional or different offenses; it simply reflected the fact that the case had been transferred to a different court. No substantial rights of K.L.C. were prejudiced.

Because the amended petition was identical to the original, approved petition in all material respects, we hold that the juvenile court had jurisdiction to impose the determinate sentence. Point of error one is overruled.

### ADMONISHMENTS

In his second point of error, K.L.C. argues that the trial judge failed to provide him the admonishments required by the Juvenile Justice Code. At the beginning of an adjudication hearing, the trial judge must explain to the juvenile the allegations against him, the privilege against selfincrimination, the right to a trial, the right to an attorney, the right to trial by a jury, and the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding. *See* TEX. FAM.CODE ANN. § 54.03(b) (Vernon 1996).

■ K.L.C. asserts that the court wholly failed to give the admonishments. However, after his brief was filed, the record was supplemented with a transcription of the admon-

ishments given to K.L.C. in open court before the commencement of the adjudication hearing. Based on this transcription, the State argues that K.L.C.'s second point of error is without merit and should be overruled.

Although the record now reflects that the trial court attempted to provide the admonishments to K.L.C., it also reflects that the court fell short in two respects. First, the court did not explain to K.L.C. the allegations against him. Instead, the court simply directed the prosecutor to read the petition. After the prosecutor read each count, the court asked K.L.C. whether he wished to plead true or not true. The court did not ask K.L.C. whether he understood the charges against him. We have held that the juvenile court may not delegate its duties under section 54.03(b) to the prosecutor and that the mere reading of the petition does not satisfy the requirement of explaining the allegations. *See In re A.L.S.,* 915 S.W.2d 114, 117 (Tex. App.—San Antonio 1996, no writ); *P.L.W. v. State,* 851 S.W.2d 383, 385 (Tex.App.—San Antonio 1993, no writ); *J.D.P. v. State,* 691 S.W.2d 106, 107 (Tex.App.—San Antonio 1985, no writ).

■ Second, the trial court's explanation of the law relating to the admissibility of a juvenile record in a criminal proceeding did not convey the proper information. The court is required to explain that a juvenile delinquency adjudication based on a felony offense is admissible during the punishment phase of a subsequent adult prosecution. *See In re D.I.B.,* 963 S.W.2d 862, 865 (Tex. App.—San Antonio 1998, no pet. h.); TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.1998). In this case, the court apparently believed it was only required to admonish K.L.C. about the procedures followed in a determinate sentencing proceeding. The court informed K.L.C.:

> [T]he records of these proceedings may be used in subsequent criminal proceedings if the Court finds you violated the penal law listed in Family Codes 53.045(a) [sic]. It may order commitment to the Texas Youth Commission for a period of not more than 40 years. If such commitment should be

assessed, you would be brought back to this court when you reach the age of 17 and a half and a determination made prior to your 18th birthday whether to release you, put you on probation, or enforce judgment, and as was indicated, be ordered to pay attorneys fees and probation fees.

The court did not give the required explanation of the law relating to the admissibility of a juvenile record in the punishment phase of a subsequent criminal prosecution.

The failure to give the required admonitions requires reversal without a showing of harm and regardless of whether the juvenile objected at trial.[1] *See In re D.I.B.*, at 865; *In re M.R.R.*, 929 S.W.2d 687, 689 (Tex. App.—San Antonio 1996, no writ); *see also In re A.L.S.*, 915 S.W.2d at 117; *In re I.G. v. State*, 727 S.W.2d 96, 98–99 (Tex.App.—San Antonio 1987, no writ). Accordingly, because the trial judge failed to admonish K.L.C. properly, we sustain the second point of error.

The judgment is reversed and the cause is remanded for a new trial.

Dissenting opinion by DUNCAN, J.

DUNCAN, Justice, dissenting.

I respectfully dissent. Appeals in juvenile cases are to be governed by the rules generally applicable in civil cases. TEX. FAM. CODE ANN. § 56.01(b)(Vernon Supp. 1998). In civil cases, this court may not reverse a judgment unless trial court error "(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a). Fundamental error thus exists in civil cases only " 'in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of. Texas.' " *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 328 (Tex.1993) (quoting *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982)).

In this case, the record does not establish fundamental error, as defined by the Texas Supreme Court; it does not establish error; and it does not establish reversible error under Rule 44.1(a) (or, for that matter, Rule 44.2). At the trial judge's direction, and over K.L.C.'s attempted waiver, the State read its petition to K.L.C., count by count, and he pleaded "not true," count by count, to each of the seven counts of aggravated sexual assault. And, as noted in the majority opinion, the trial judge further cautioned K.L.C. that "the records of these proceedings may be used in subsequent criminal proceedings.…" The trial court substantially complied with section 54.03(b), thus meeting even the test applied in criminal admonishment cases. *See, e.g., Morales v. State*, 872 S.W.2d 753, 753–55 (Tex.Crim.App.1994).

In 1997, the Texas Legislature reversed this court's previous decisions holding that a trial court's failure to fully admonish a juvenile in accordance with section 54.03(b) of the Texas Family code was fundamental error; an objection is now required, just as Rule 33.1 requires in civil cases generally. TEX. FAM.CODE ANN. § 54.03(i) (Vernon Supp. 1998). I would not apply this provision retroactively, but I would view it as evidence that we misinterpreted the legislative intent underlying the required admonishments provision and the legislative directive to review juvenile cases as we do in civil cases generally. Accordingly, because K.L.C. failed to preserve error with respect to any claimed admonishments error, and because he failed to demonstrate that any admonishments error was reversible, as required by Rules 33.1 and Rule 44.1(a) of the Texas Rules of Appellate Procedure, I would overrule K.L.C.'s admonishments complaint and affirm the trial court's judgment.

---

1. Pursuant to an amendment that took effect after the trial in this case, a juvenile must now object at the adjudication hearing to preserve the failure to give the admonishments for appellate review. *See* TEX. FAM.CODE ANN. § 54.03(i) (Vernon Supp.1998).