NO. 07-01-0502-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2002

_____

JEHAAD A.M.E. SAAHIR, APPELLANT

V.

TDCJ-ID, ET AL., APPELLEES

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 089336-00-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Jehaad A.M.E. Saahir, who is incarcerated and acting pro se, has appealed from an order of the trial court[1] dismissing his lawsuit against appellees Texas Department of Criminal Justice - Institutional Division, and its employees Janie Cockrell,

---

[1]Parenthetically, we note that two identical orders were entered by the trial court - one signed December 10, 2001, by Judge John Board and one signed December 17, 2001, by Judge David Gleason.

Joseph K. Price, Larry Craven, Stephen Jameson, Gustavo Vaquera, and Tully Leffew in which he sought relief for having been deprived of personal property and violating his civil rights. The lawsuit was brought pursuant to Chapter 14 of the Civil Practice and Remedies Code which govern suits by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. It is undisputed by appellees that appellant filed an unsworn declaration of inability to pay costs, which complied with the statutory requirements.

Appellees Price, Cockrell, and Vaquera filed a motion to dismiss appellant's lawsuit on the basis that he failed to comply with the requirements of section 14.004 of the Civil Practice and Remedies Code, which requires an inmate to file a separate affidavit or declaration identifying previous lawsuits brought by him in which he was not represented by an attorney. Further, the inmate must describe each suit previously brought by (1) stating the operative facts for which relief was sought, (2) listing the case name, cause number, and the court in which the suit was brought, (3) identifying each party named in the suit, (4) stating the result of the suit, including whether it was dismissed as frivolous or malicious, and (5) stating the date of any final order dismissing a previous lawsuit as frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) and (b) (Vernon Supp. 2002). A court may dismiss a claim either before or after service of process, if the court finds the claim is frivolous or malicious. *Id.* § 14.003(a)(2). A dismissal by the trial court is reviewed under an abuse of discretion standard. *Lentworth v. Trahan*, 981 S.W.2d

2

720, 722 (Tex.App.--Houston [1st Dist.] 1998, no pet.); *Hickum v. Moya*, 926 S.W.2d 397, 398 (Tex.App.--Waco 1996, no writ).

In his affidavit of previously filed suits, appellant listed two other lawsuits filed by him in the district court of Anderson County. The only operative facts listed with those lawsuits are "loss of plaintiff's property" and "illegal use of a chemical agent." Appellant further stated that as to "any other suits filed by plaintiff he does not have records of them and do [sic] not remember them" because his records have been confiscated by the Department of Criminal Justice. However, he averred that none of his previous suits are "substantially similar to any previous suit filed by plaintiff, or the same operative facts."

In a subsequent amended affidavit filed after the filing of appellees' motion to dismiss, appellant listed ten cases filed in federal court, in addition to the two state court cases listed in the first affidavit. Appellant claims to be unable to remember the names of all the defendants in those lawsuits and also has failed to list the claims alleged in several of those suits. Additionally, he has failed to state the operative facts. For several of the lawsuits dismissed as frivolous, appellant has not provided the date of the final order of dismissal. Appellant admits he has filed over 26 lawsuits in state and federal courts in the 23 years of his incarceration, but does not remember all of them.

The purpose of the statute requiring the affidavit of previous filings is to assist the trial court in determining whether a suit is malicious or frivolous, and therefore a trial court may dismiss a suit when an inmate fails to file the affidavit. *Thomas v. Bilby,* 40 S.W.3d

3

166, 168 (Tex.App.--Texarkana 2001, no pet.); *Hall v. Treon,* 39 S.W.3d 722, 724 (Tex. App.--Beaumont 2001, no pet.). Even if the affidavit is filed but is defective because of the omission of operative facts and the identity of each party, it may be dismissed as frivolous. *Clark v. Unit,* 23 S.W.3d 420, 422 (Tex.App.--Houston [1st Dist.] 2000, pet. denied); *Bell v. Texas Dept. of Criminal Justice- Institutional Div.,* 962 S.W.2d 156, 158 (Tex.App.--Houston [14th Dist.] 1998, pet. denied).

Appellant argues on appeal that he complied with the provisions of Chapter 14 to the best of his ability and cannot submit information to the court about previous lawsuits for which he no longer has records because of TDCJ's policy to deny him possession of his records for lawsuits no longer active in courts. Additionally, he did not originally list his federal court lawsuits because Chapter 14 does not make it clear that previous suits filed in federal court are required. Appellant also contends that to place the burden on him to submit information about all of his previous lawsuits denies him due process. Further, when appellant stated in his affidavit that none of the previous lawsuits were substantially similar to this case, that statement, he posits, should have been accepted as true unless contradicted by appellees, who allegedly have possession of his previous filings.

It has been held that the statute requiring an inmate to file an affidavit regarding his previous lawsuits does not violate due process principles. *Hicks v. Brysch,* 989 F.Supp. 797, 822 (W.D. Tex. 1997). The statute places the burden on appellant to provide all of the information necessary for the court to make a determination that the lawsuit is not

4

substantially similar to any previous filings. Since appellant made those filings pro se, he should have personal knowledge as to the content of those filings and their outcomes. The fact that the prison system rules may not allow appellant to maintain in his prison housing all records of the 26 lawsuits he has filed in the 23 years he has been incarcerated does not negate the statutory requirement. The application of the rule is not unreasonable merely because of the volume of previous litigation. *Thomas v. Bush,* 23 S.W.3d 215, 218 (Tex.App.--Beaumont 2000, pet. denied).

Moreover, an inmate's allegation in an affidavit that he has not filed any previous lawsuit concerning the subject matter of the cause of action does not meet the statutory requirements. The intent of section 14.004 is to curb constant and often duplicative inmate litigation. *Clark,* 23 S.W.3d at 422. If the legislature had intended for that purpose to be accomplished by the inmate merely stating he has filed no previous lawsuit concerning the subject matter of the current litigation, it would not have imposed a requirement that he provide specific and detailed information about all previous litigation. Appellant has indicated that at least one of his previous lawsuits involved the loss of his property and some of his previous lawsuits have been dismissed as frivolous, although he has not provided any details about that litigation. Appellant also admits to having filed at least 14 other cases for which he has provided no details. The court may assume that the suit is substantially similar to previously filed suits when the inmate does not state the operative facts so that the trial court may consider and determine the similarity of the claims.

5

*Jackson v. Texas Dept. of Criminal Justice - Institutional Div.,* 28 S.W.3d 811, 814 (Tex.App.--Corpus Christi 2000, pet. denied).

We believe that the lawsuits required to be listed are not limited to state court proceedings; however, even if we consider all of the lawsuits listed in appellant's amended affidavit, he has admitted filing numerous other lawsuits for which no information has been provided. Also, the information provided in the amended affidavit does not meet all of the statutory requirements. Accordingly, we find that the trial court did not abuse its discretion in dismissing the lawsuit as frivolous, and we affirm the judgment of the court.

John T. Boyd
Chief Justice

Do not publish.

6