### In the Matter of A.C.

**Nos. 05–96–00539–CV, 04–96–00546–CV.**

Court of Appeals of Texas,
San Antonio.

June 18, 1997.

Theresa Mallon Connolly, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, LOPEZ and ANGELINI, JJ.

## OPINION

RICKHOFF, Justice.

A.C., a juvenile, was found to have engaged in delinquent conduct based upon his commission of aggravated robbery (95–JUV–2444) and unlawfully carrying a weapon (95–JUV–1342). A.C. challenges the sufficiency of the evidence supporting the delinquency findings. We hold the evidence to be sufficient and affirm the judgments of the trial court.

### STANDARD OF REVIEW

A.C. challenges both the legal and factual sufficiency of the evidence to support the trial court's delinquency findings. In reviewing A.C.'s legal sufficiency challenge, this court reviews the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *In re P.L.W. v. State,* 851 S.W.2d 383, 387 (Tex. App.—San Antonio 1993, no writ). With respect to A.C.'s factual insufficiency challenge, we consider all of the evidence while being "appropriately deferential" to the judgment

of the trier of fact, and we will set aside the verdict only if the evidence is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust."[1] *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996); *De Los Santos v. State,* 918 S.W.2d 565, 569 (Tex.App.—San Antonio 1996, no pet.).

### AGGRAVATED ROBBERY

The testimony relating to the aggravated robbery charge revealed that A.C. and his friend, Robert López, were riding a bike and stopped at the house of complainant's friend where complainant was spending the night. A.C. testified that he went to the house with López allegedly to recover López's stolen bike. Upon arriving at the house, López pulled a gun, causing the complainant to flee to the side of the house and the complainant's friend to flee to the back of a stove located in the yard. A.C. opened the gate, went into the yard, and took the complainant's bike. Both the complainant's friend and A.C. testified that López then stated that if the complainant wanted his bike back, he should go see López.

The State was required to prove the following elements beyond a reasonable doubt in order to support the trial court's finding that A.C. engaged in delinquent conduct based upon his commission of aggravated robbery: (1) a person; (2) in the course of committing theft; (3) with intent to obtain or maintain control of the property; (4) intentionally, knowingly, or recklessly; (5) causes bodily injury to another or threatens or places another in fear of imminent bodily injury or death; and (6) uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 29.03 (Vernon 1994); *Silva v. State,* 933 S.W.2d 715, 718 (Tex.App.—San Antonio 1996, no pet.). A.C. contends the trial court's finding is erroneous because the evidence was legally and factually insufficient to prove

that A.C. "threatened or placed the complainant in fear of imminent bodily injury and death by using or exhibiting a deadly weapon, namely a firearm."

In support of his legal sufficiency challenge, A.C. asserts that the complainant directly testified that A.C. did not do or say anything to scare him and that he was not afraid of A.C. With respect to his factual sufficiency challenge, A.C. asserts: "the law of parties was never raised in the charge against A.C.," and "other than the fact of being physically together, the factual sufficiency of the evidence does not support the verdict that A.C. was guilty of aggravated robbery."

The State counters that A.C.'s argument wholly fails to account for the following testimony of the complainant concerning his friend López's actions:

Q. Okay. When you see them, you say Robert starts pulling something out?

A. Yes.

Q. What does he pull out?

A. He pulls out a gun.

Q. Okay. And what does he do with that gun?

A. He just takes it out and he cocks it first and then points it.

Q. Who does he point it at?

A. It looked like me first, you know, then I ran back.

Q. And when he pointed that gun at you, what went through your mind?

A. Well, I thought he was going to shoot me.

Q. Okay. And were you afraid?

A. Yes.

Q. For what?

A. For him to shoot me or something.

---

1. Although other courts of appeal apply a different standard in reviewing factual sufficiency challenges in juvenile delinquency cases, this court has previously held that the criminal standard of review should be applied in reviewing legal sufficiency challenges because the state must prove the offense beyond a reasonable doubt. *See In re P.L.W.,* 851 S.W.2d at 387. Because we apply the criminal standard of re-

view with regard to legal sufficiency, we will also apply the criminal standard in reviewing factual sufficiency challenges for the same reason given in *P.L.W. But see In re M.R.,* 858 S.W.2d 365, 366 (Tex.1993)(noting that reliance on adult criminal cases and criminal procedural rules appears to conflict to some extent with Texas Family Code), *cert. denied,* 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994).

Although the State is correct that this testimony is both legally and factually sufficient to support a finding that the complainant was threatened or placed in fear of imminent bodily injury and death when López pulled out a gun, the State does not provide any rationale for using López's actions and the complainant's response thereto to support a finding against A.C. A.C. contends that the law of parties was never raised. Therefore, before relying on the testimony recited by the State, we must first determine whether the law of parties is applicable.

■■■■ In a juvenile case, the state is not required to plead the law of parties in its petition; therefore, a trial court may submit the law of parties in a jury charge in the absence of such a pleading. *In re O.C.*, 945 S.W.2d 241, 244–45 (Tex.App.—San Antonio 1997, n.w.h.). Since the trial court may submit the law of parties in a jury charge in the absence of a specific pleading, "[i]t logically follows that in a bench trial, the trial court may utilize the law of parties if the evidence supports that theory despite the absence of such allegation in the indictment [or petition]." *In re A.A.*, 929 S.W.2d 649, 654 (Tex. App.—San Antonio 1996, no writ).[2]

■■■■ A person is responsible as a party to an offense if the person acts with an intent to promote or assist the commission of the offense and aids the other person in the commission of the offense. TEX. PENAL CODE ANN. § 7.02 (Vernon 1994). A.C. testified that he went to the scene of the offense with López, that he opened the gate to the house, that he picked up the complainant's bike and walked it out of the yard even though he thought it looked different than López's bike, that he heard López say something about the complainant getting his bike back, and that he later gave the bike to López. A.C.'s own testimony is sufficient to hold him responsible as a party; therefore, the evidence regarding López's actions and the complainant's response thereto is sufficient to support the trial court's finding that A.C. engaged in delinquent conduct by committing aggravated robbery.

## UNLAWFULLY CARRYING A WEAPON

A.C. also contends that the evidence was legally and factually insufficient to support the trial court's finding that he engaged in delinquent conduct by unlawfully carrying a weapon, a separate misadventure. A.C. bases his assertion on the State's failure to produce the alleged illegal weapon at trial. A.C. concludes that the State failed to prove the essential element that the knife was illegal.

■■■■ The State counters that the testimony of the arresting officer is legally and factually sufficient to establish that the knife was illegal. We agree with the State. Testimony regarding the physical characteristics of a knife is sufficient to support a finding that the knife was illegal. *See Armendariz v. State*, 396 S.W.2d 132, 133 (Tex.Crim.App. 1965); *cf. English v. State*, 647 S.W.2d 667, 668–69 (Tex.Crim.App.1983)(testimony sufficient to establish knife as deadly weapon); *Billey v. State*, 895 S.W.2d 417, 420 (Tex. App.—Amarillo 1995, pet. ref'd)(testimony regarding knife can establish it as deadly); *Lee v. State*, 874 S.W.2d 220, 223 (Tex.App.—Houston [1st Dist.] 1994, pet ref'd)(knife need not be admitted where testimony establishes it as deadly weapon). The arresting officer testified regarding the physical features of the knife and described it as a dagger. In response to questioning during cross-examination regarding what kind of knife was recovered, the officer asserted: "It was a dagger. I don't know how other to describe it, other than a dagger." A dagger is an illegal knife. TEX. PENAL CODE ANN. § 46.01(6)(C) (Vernon 1994). Although A.C. described the knife differently, such a conflict in the trial testimony is to be resolved by the trier of fact. *De Los Santos*, 918 S.W.2d at 569. We find the evidence legally and factually sufficient to prove that the knife recovered from A.C. was illegal.

---

**2.** Although this court distinguished the pleading requirements in a transfer proceeding from a delinquency proceeding in *In re A.A.*, we resolved this issue in favor of allowing the use of the law of parties in the absence of a pleading in a delinquency proceeding in *In re O.C.* Therefore, it similarly follows from the discussion in *In re A.A.* that if the law of parties can be submitted in the jury charge, it also can be used by the trial court to support its findings in a bench trial.

## CONCLUSION

The judgments of the trial court are affirmed.