**In the Matter of J.M.B., a Juvenile**

**No. 04–97–01000–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 23, 1998.

Rehearing Overruled March 9, 1999.

Alex J. Scharff, San Antonio, for Appellant.

Mary Beth Welsh, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

PAUL W. GREEN, Justice.

The State alleged that J.M.B., a juvenile, committed deadly conduct by discharging a firearm. A jury adjudicated J.M.B. delinquent and committed him to four years confinement in a Texas Youth Commission facility. On appeal, J.M.B. contends the trial court failed to properly admonish him. He also challenges the sufficiency of the evidence supporting the adjudication. Finding no error, we affirm.

## Admonishments

In his first four points of error, J.M.B. argues the trial court failed to comply with section 54.03(b) of the Texas Family Code when admonishing him and his guardian. Specifically, J.M.B. asserts the court failed to explain the allegations against him or the nature and consequences of the proceedings. We disagree.

■ The Family Code requires the trial court to give the child and his parent, guardian, or guardian ad litem certain admonishments at the beginning of an adjudication hearing. TEX. FAM.CODE ANN. § 54.03(b) (Vernon 1996). For example, the court is required to explain "(1) the allegations made against the child; [and] (2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding." *Id.* § 54.03(b)(1–2). In explaining these admonishments, the court may use plain language easily understood by the juvenile. *See In re J.M.*, 930 S.W.2d 820, 821 (Tex.App.—Corpus Christi 1996, no writ). If the court fails to give the admonishments, the error is fundamental, requiring reversal regardless of harm.[1] *In re D.I.B.*, 963 S.W.2d 862, 865–

66 (Tex.App.—San Antonio 1998, pet. granted).

In this case, the trial court addressed J.M.B., in his father's presence, stating:

Now, [J.M.B.], the charge is that you have took [sic] a shot at somebody with a firearm. You're charged with using a firearm. If it's found by the jury that you did engage in delinquent conduct, you will have a juvenile record. That means that, if you engage in any further conduct, any further—get in trouble with the law on any other matter either in juvenile court or in adult court, you can face a higher or harder or stiffer punishment that you would otherwise have experienced.

The trial court then admonished J.M.B. of his rights to an attorney, to a jury trial, and to remain silent. *See* TEX. FAM.CODE ANN. § 54.03(b)(3–6) (Vernon 1996).

[3, 4] J.M.B. asserts the trial court failed to explain the allegations against him because it failed to mention "recklessness," that is, the applicable mental state required to prove deadly conduct. *See* TEX. PENAL CODE ANN. § 22.05(a) (Vernon 1994). Recklessness, however, is presumed when a person points a firearm at another person. *Id.* § 22.05(c); *Thomas v. State*, 699 S.W.2d 845, 855 (Tex.Crim.App. 1985). Thus, by telling J.M.B. he was charged with taking a shot at someone, the court addressed the applicable mental state.

■ J.M.B. also contends the trial court failed to state whether an adjudication of delinquency could be admitted against him during the punishment phase of a subsequent adult prosecution. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.1998); TEX.R. EVID. 609(d).[2] To the

---

1. An objection is now required to preserve error, although none was required at the time of the offense underlying this appeal. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 37, 1995 Tex. Gen. Laws 2517, 2536, *amended by* Act of June 2, 1997, 75th Leg., R.S., ch. 1086, § 10, 1997 Tex. Gen. Laws 4179, 4184–4185 (current version at TEX. FAM.

CODE ANN. § 54.03(i) (Vernon Supp.1998)); *see also In re A.D.D.*, 974 S.W.2d 299, 305 (Tex.App.—San Antonio 1998, no pet.).

2. During the punishment hearing of a criminal trial, evidence of a juvenile adjudication may be admitted if the underlying violation is a felony, such as the offense of deadly con-

contrary, the trial court told J.M.B. that if he got "in trouble with the law on any other matter either in juvenile court or in adult court, you can face a higher or harder or stiffer punishment that you would otherwise have experienced."

Finally, J.M.B. argues the trial court erred by failing to admonish his guardian. However, the record clearly reflects that J.M.B.'s father was present with J.M.B. during the admonishments. Thus, J.M.B.'s complaint is without merit. *See In re O.L.*, 834 S.W.2d 415, 420 (Tex. App.—Corpus Christi 1992, no writ) (finding guardian's presence sufficient). Because the trial court properly admonished both J.M.B. and his parent, we overrule J.M.B.'s first four points of error.

### Sufficiency of the Evidence

In his fifth and sixth points of error, J.M.B. argues the evidence is legally and factually insufficient to support a finding that he engaged in deadly conduct. We disagree.

In reviewing J.M.B.'s legal sufficiency challenge, we examine the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt.[3] *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *In re A.C.*, 949 S.W.2d 388, 389 (Tex.App.—San Antonio 1997, no writ). With respect to J.M.B.'s factual insufficiency challenge, we consider all the evidence and set aside the verdict only if the verdict is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996); *In re A.C.*, 949 S.W.2d at 389–90.

At trial, Mark Morales testified he was watching a movie around 10:30 p.m. when he heard a thump outside the house. Because he was concerned about his car, he went outside and saw J.M.B. walking down the street. Morales then heard another noise, and he saw J.M.B. turn around and start shooting in his direction. Although Morales could not identify the object in J.M.B.'s hand, he thought it was a gun because it was a darkly-colored object emitting sparks. Morales said he also heard three or four popping noises as well as something "whipping through the trees."

Annette Bermea, who was watching the movie with Morales, testified she heard a crashing sound. When she went outside, she saw J.M.B. turn around, extend his arm, and shoot. However, Bermea did not see a gun. She heard a few shots but not hits. Later, Bermea, Morales, and the police looked for evidence of weapons, but they found no gun, bullet slugs, or damage to the house or trees.

Although no physical evidence linked J.M.B. to the shooting, when we examine the evidence in the light most favorable to the verdict, we hold the evidence legally sufficient to prove, beyond a reasonable doubt, the offense of deadly conduct. We also hold the evidence is not so contrary to the overwhelming weight of the verdict as to be clearly wrong and unjust. *See Ly v. State*, 943 S.W.2d 218, 220 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). Accordingly, we overrule J.M.B.'s fifth and sixth points of error.

### Conclusion

Having overruled J.M.B.'s points of error, we affirm the trial court's judgment.

---

duct. *See* TEX. PENAL CODE ANN. § 22.05(e) (Vernon 1994).

**3.** As the jury was charged, the State was required to prove J.M.B. recklessly placed another person in imminent danger of serious bodily injury. TEX. PENAL CODE ANN. § 22.05(a) (Vernon 1994).