**In the Matter of J.W.**

**No. 14–98–00930–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 15, 2001.

Greg Russell, Galveston, TX, for appellants.

Richard H. Branson, Galveston, TX, for appellees.

Panel consists of Justices SEARS, LEE, and ANDELL.*

## OPINION

NORMAN LEE, Justice (Assigned).

J.W. was found guilty of delinquent conduct in connection with the aggravated sexual assault of a minor. In a single point of error he contends that the trial court's admonition on the possibility that a finding of delinquent conduct could be used against appellant in an adult criminal proceeding was incomplete. We affirm.

During the admonishments phase of this juvenile proceeding, the following colloquy took place:

THE COURT: All right. And you understand that because this is a felony

---

* Senior Justices Ross A. Sears, Norman Lee, and Former Justice Eric Andell sitting by assignment.

grade offense if convicted of this or if it is determined that you have engaged in the alleged acts, that it's going to create a record that could remain with you for the rest of your life? Do you understand that, sir?

[APPELLANT]: Yes, sir.

Appellant's trial counsel did not object that this admonishment was inadequate.

Appellant contends this admonishment does not comply with the statutory requirement that the juvenile be admonished as to the possible future consequences of a finding of delinquent conduct. Tex.Fam. Code Ann. § 54.03 (Vernon 1996). He further contends that this error is fundamental, meaning both that he may complain about it for the first time on appeal and that it is not subject to a harm analysis.

■ We first consider whether appellant may complain for the first time on appeal about a defective admonishment. The State first urges us to apply the amended version of Tex.Fam.Code Ann. § 54.03 (Vernon 1996), which governs procedure in the juvenile adjudication hearing. The Legislature amended this section to require objection in the trial court in order to complain of defective admonishments on appeal. Tex.Fam.Code Ann. § 54.03(i) (Vernon Supp.2000). However, the incident in question took place May 12, 1997, before the effective date of this amendment. In *In the Matter of C.O.S.*, 988 S.W.2d 760 (Tex.1999), the State similarly argued that the supreme court should be guided by this amendment although that crime took place prior to the effective date of the amendment. The court declined that invitation, and found that an objection was not necessary under prior law to preserve an appellate complaint based on a defective admonishment. *Id.* at 767. Following *C.O.S.*, we find this error is preserved for our review.

■ Next we consider whether the admonishment given by the trial court was so defective as to be error. We believe it is.

■ The statute in effect at the time of the offense required the trial court to admonish the defendant and his parent, guardian or guardian ad litem "the nature and possible consequences of the proceeding, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding[.]" Tex.Fam.Code Ann. § 54.03(b) (Vernon 1996). It is permissible to admonish in plain language, easily understood by the juvenile. *In re J.M.*, 930 S.W.2d 820, 821 (Tex.App.—Corpus Christi 1996, no writ). One court found that when the trial court informed the juvenile that if he got "in trouble with the law on any other matter either in juvenile court or in adult court, you can face a higher or harder or stiffer punishment than you would otherwise have experienced[.]" that was sufficient to comply with the statute. *See In the Matter of J.M.B.*, 990 S.W.2d 294, 296–297 (Tex. App.—San Antonio 1998, pet. denied). Here, by contrast, the trial court did not mention future court proceedings in the abbreviated admonishment. We find this admonishment was not specific enough to comply with the statute and was therefore erroneous.

■ Finally, appellant contends this error is fundamental and is therefore not subject to a harm analysis. However, on the same day that *C.O.S.* was handed down, the supreme court found that such errors are subject to a harm analysis. *In re D.I.B.*, 988 S.W.2d 753, 759 (Tex.1999). The *C.O.S.* court found that, in order to show that an appellant was harmed by a defective admonishment on the possible future use of a juvenile record, the juvenile must show that he could have pleaded to a lesser offense, or that he could have avoided an adjudication of delinquency. *C.O.S.*,

988 S.W.2d at 768. No such showing is made here. We therefore find that this erroneous admonishment was harmless.

The judgment of the trial court is therefore affirmed.