MEMORANDUM OPINION


No. 04-05-00073-CV

IN THE MATTER OF C.E.F.W.

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-JUV-02056
Honorable Laura Parker, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   November 23, 2005

AFFIRMED
            C.E.F.W. was adjudicated delinquent for committing the offense of aggravated sexual
assault. On appeal, C.E.F.W. contends: (1) the evidence is legally and factually insufficient to
establish the aggravating element of the offense; (2) the trial court erred in denying his request for
the lesser-included offense of sexual assault; and (3) the trial court abused its discretion in admitting
hearsay testimony. Because the issues in this appeal involve the application of well-settled principles
of law, we affirm the trial court’s judgment in this memorandum opinion.
1.         In his first and second issues, C.E.F.W. challenges the legal and factual sufficiency of the
evidence to support the aggravating element of the offense, namely that by his acts and words,
C.E.F.W. intentionally and knowingly placed the complainant in fear that death or serious bodily
injury would be imminently inflicted on her. C.E.F.W. contends that the evidence does not establish
that the complainant was placed in fear during the sexual assault but only by threats made after the
assault. We apply the well established criminal standards of review applicable to legal and factual
sufficiency challenges in appeals from juvenile adjudications. See, e.g., In re A.C., 949 S.W.2d 388,
390 & n.1 (Tex. App.—San Antonio 1997, no writ); In re A.S., 954 S.W.2d 855, 858 (Tex. App.—El
Paso 1997, no writ); R.X.F. v. State, 921 S.W.2d 888, 889 (Tex. App.—Waco 1996, no writ).
            A jury may consider the complainant’s injuries and the defendant’s objective conduct when
evaluating the aggravating nature of a sexual assault. Mata v. State, 952 S.W.2d 30, 32 (Tex.
App.—San Antonio 1997, no pet.). The evidence is not required to show that a threat was verbally
communicated or that the defendant could have inflicted serious bodily injury, but did not. Id. A
jury can convict a defendant on the aggravating element of the offense if it can infer from the totality
of the circumstances that the victim was in fear of death or serious bodily injury. Tinker v. State, 148
S.W.3d 666, 671 (Tex. App.—Houston [14th Dist.] 2004, no pet.); Selvog v. State, 895 S.W.2d 879,
882 (Tex. App.—Texarkana 1995, pet. ref’d).
            The complainant was sixty-two years old. C.E.F.W. repeatedly assaulted her both anally and
vaginally. The complainant was “petrified” hours after the assault occurred and was afraid to open
the door to even admit her own daughter. The complainant was “terrified, shaking, and trembling.” 
The complainant had bruises on many parts of her body, and her eye was swollen and bruised. 
Pictures depicting the complainant’s injuries were introduced into evidence. Blood was located in
the entryway of the home where the assault occurred. The nurse who examined the complainant
testified that the complainant told her that C.E.F.W. “kept hitting me to [sic] my head and my face
and my body with his fists.” The assault lasted for an hour. The tissue in the complainant’s vaginal
area was bruised, and multiple tears to the anal folds were noted. The nurse noted “a two-and-a-half
inch long tear midline between the gluteus maximus.” The nurse further noted that “the perineum
[described as the portion of skin between the vaginal area and anal area] had multiple skin tears with
active blood-like drainage.”
            The complainant testified that C.E.F.W. “started beating me all over and then he threw me
to the floor and he hit me all over the face and kicked all my body and made a bruise the size of a
baseball in my back, and my spine hurts a lot.” C.E.F.W. told the victim, “Don’t yell, bitch. Don’t
yell and don’t call the police.” The complainant testified that she believed C.E.F.W. could hurt her. 
The complainant further testified:
Q.Did – What did you think was going to happen to you?
A.He probably was going to kill me. He was trying to strangle me also.

            Considering the totality of the circumstances, including the injuries sustained and the
complainant’s testimony, we hold the evidence is legally and factually sufficient to establish the
aggravating element of the offense.
2.         In his third issue, C.E.F.W. contends that the trial court erred in denying his request for an
instruction on the lesser-included offense of sexual assault. A two-prong test is applied to determine
whether an appellant was entitled to an instruction on a lesser-included offense. Campbell v. State,
149 S.W.3d 149, 152 (Tex. Crim. App. 2004); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.
Crim. App. 1993). First, to be considered a lesser-included offense, the lesser offense must be
included within the proof necessary to establish the offense charged. Campbell, 149 S.W.3d at 152;
Rousseau, 855 S.W.2d at 672-73. Second, some evidence must exist in the record that would permit
a jury to rationally find that, if the defendant is guilty, he is only guilty of the lesser-included offense. 
Campbell, 149 S.W.3d at 152; Rousseau, 855 S.W.2d at 672-73. Given that the evidence only
presents one consistent version of the events that transpired and having previously detailed the
evidence supporting the aggravating element of the offense, we conclude that no evidence in the
record would permit a jury to rationally find that C.E.F.W. was guilty only of the lesser-included
offense.
3.         In his final issue, C.E.F.W. asserts that the trial court abused its discretion in admitting
hearsay testimony of statements made by the complainant to various other witnesses. Hearsay is a
statement, other than one made by the declarant while testifying at a trial or hearing, offered in
evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). The Texas Rules of
Evidence provide an exception to this rule for “excited utterances.” Tex. R. Evid. 803(2). An
excited utterance is “a statement relating to a startling event or condition made while the declarant
was under the stress of excitement caused by the event or condition.” Id. When determining
whether a hearsay statement is admissible as an excited utterance, we may consider the time elapsed
and whether the statement was in response to a question. Zuliani v. State, 97 S.W.3d 589, 595-96
(Tex. Crim. App. 2003). However, it is not dispositive that the statement is an answer to a question
or that it was separated by a period of time from the startling event; these are simply factors to
consider in determining whether the statement is admissible under the excited utterance hearsay
exception. Id. at 596. The critical factor to consider when determining if a statement is an excited
utterance is “‘whether the declarant was still dominated by the emotions, excitement, fear, or pain
of the event’” or condition at the time of the statement. Id. at 596 (quoting McFarland v. State, 845
S.W.2d 824, 846 (Tex. Crim. App. 1992)). In other words, a court must determine whether the
statement was made “‘under such circumstances as would reasonably show that it resulted from
impulse rather than reason and reflection.’” Id. at 596 (quoting McFarland, 845 S.W.2d at 846). 
Whether an out-of-court statement is admissible under an exception to the hearsay rule is a matter
within the trial court’s discretion. Id. at 595.
            C.E.F.W. complains that the complainant’s testimony was improperly bolstered when several
witnesses were permitted to testify over hearsay objections regarding the statements the complainant
made to them about the offense. Initially, we note that no objection was made to the testimony of
the examining nurse, and such testimony would be admissible under the hearsay exception for
medical diagnosis or treatment. Tex. R. Evid. 803(4). Similarly, the statements made to the EMS
technician also were admissible under this exception to the hearsay rule. 
            With regard to the statements made to the investigating officer, the officer testified that the
complainant “was visibly shaken. She had fresh injuries to her. . . . She was just very distraught,
almost trembling, being so fearful, had a difficult time talking to me.” The officer further testified,
“She was petrified. She was trembling, shaking. She was just kind of – Her eyes were darting about. 
She – Her hands were shaking. She was just very scared and terrified.” With regard to whether the
officer had to question her and prod her, the officer stated, “A little bit of both. And for the most of
it, she was just kind of blurting stuff out, and I was just trying to write down as fast as I could so I
could get her information before EMS had to do what they had to do.” Although several hours had
elapsed between the assault and the complainant’s statements to the officer, the trial court did not
abuse its discretion in admitting the testimony under the excited utterance exception to the hearsay
rule. Given the complainant’s age and the brutal nature of the offense, the testimony revealed that
the complainant “was still dominated by the emotions, excitement, fear, or pain of the event or
condition at the time of the statement.” Zuliani, 97 S.W.3d at 596. Accordingly, the trial court did
not abuse its discretion in allowing the officer to testify regarding the complainant’s statements. 
Finally, no hearsay objection was made to the testimony of the complainant’s daughter; therefore,
this complaint is not preserved for our review. Tex. R. App. P. 33.1.
Conclusion
            The trial court’s judgment is affirmed.
 
Alma L. López, Chief Justice