Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-11-00566-CV

## IN THE MATTER OF M.M.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-JUV-00910
Honorable Carmen Kelsey, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:      Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  June 20, 2012

AFFIRMED

Appellant M.M., a juvenile, was charged with engaging in delinquent conduct by committing misdemeanor assault with bodily injury. Appellant pleaded not true. A jury found that appellant engaged in the delinquent conduct as charged. He was placed on probation in the custody of his parents for a period of nine months. M.M. challenges the legal sufficiency of the jury's finding. We affirm the trial court's judgment.

### BACKGROUND

M.M. and the complainant, S.A., rode the same school bus. On February 8, 2011, M.M. and S.A. began arguing and fighting on the bus. The school bus's video camera recorded the altercation. The video was admitted into evidence and shows that M.M. initiated the fight by

hitting S.A. in the head, and S.A. retaliated by hitting M.M. in the stomach. Shortly after the two were separated, M.M. exited the bus at his stop. S.A. got off the bus at the next stop. Unbeknown to S.A., M.M. ran to S.A.'s stop to confront him. Another fight broke out between the two; however, it did not occur within the bus camera's field of view. S.A. suffered injuries to the side of his face.[1]

M.M. was subsequently charged with intentionally, knowingly, and recklessly causing bodily injury to S.A. by "striking complainant with a belt." At the adjudication hearing, S.A., another student passenger, and the school bus driver testified that after S.A. exited the bus, M.M. hit S.A. in the face with a belt. M.M. testified on his own behalf. He admitted to taking his belt off before the fight for protection, but he denied using his belt to strike S.A. M.M. contended at trial that he went to S.A.'s bus stop to ask S.A. to stop picking on him. After hearing the evidence, the jury found that M.M. engaged in delinquent conduct by committing assault upon S.A by striking him with a belt. M.M. challenges the legal sufficiency of the jury's finding.

## STANDARD OF REVIEW

Although the appeal of a juvenile case is generally treated as a civil case, we review the legal sufficiency of a trial court's juvenile delinquency finding under the criminal standard. *See In re T.K.E.*, 5 S.W.3d 782, 784–85 (Tex. App.—San Antonio 1999, no pet.); *In re A.C.*, 949 S.W.2d 388, 389 (Tex. App.—San Antonio 1997, no writ). In reviewing the legal sufficiency of the evidence, we examine "the evidence in the light most favorable to the prosecution" and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). We "defer to the jury's credibility and weight determinations because the jury is the *sole* judge of the witnesses'

---

[1] M.M. was charged with assault based on his actions in the second fight that occurred outside of the bus.

credibility and the weight to be given their testimony." *Brooks*, 323 S.W.3d at 899; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979).

## THE EVIDENCE WAS LEGALLY SUFFICIENT

M.M. challenges the legal sufficiency of the jury's finding that he committed assault by striking S.A. with a belt. A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). M.M. does not dispute any of the elements of the offense; rather, he disputes that he used a belt as charged.

M.M.'s challenge focuses primarily on S.A.'s credibility and reliability. M.M. notes, for example, that when asked about the initial fight on the bus, S.A. testified that he did not recall hitting M.M. after M.M. first hit S.A. The video recording taken from the bus's video camera shows that S.A. hit M.M. Additionally, M.M. notes S.A.'s faulty recollection of time. When asked how long the bus takes to get from M.M. to S.A.'s bus stop, S.A. estimated it takes ten to fifteen minutes. The bus's video recording shows that it took one minute and fifty seconds to travel between the two stops. M.M. contends that because S.A.'s recollection was faulty, "it is logical to assume that [S.A.'s] recall of M.M. coming up to him off the bus and hitting him with his belt was faulty." Therefore, he argues, no rational juror could have found that M.M. initiated the fight outside the bus by striking S.A. with his belt. However, S.A.'s credibility was an issue for the jury to determine, and we will defer to that determination. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04; *Brooks*, 323 S.W.3d at 899. S.A. testified that as soon as he stepped off the bus, M.M. hit him in the face with a belt and he felt pain.

In addition to S.A.'s testimony, two other witnesses testified about the assault. Another student passenger testified that he saw M.M. hit S.A. with a belt. The bus driver also testified that M.M. initiated the confrontation and that "[M.M.] had his belt out and was hitting [S.A.]."

Based on eyewitness testimony from three witnesses, we conclude that a rational juror could have found that M.M. intentionally, knowingly, and recklessly caused bodily injury to S.A. by striking S.A. with a belt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 894–95; *see also* TEX. PENAL CODE ANN. § 22.01(a)(1). Accordingly, the evidence was legally sufficient. M.M.'s sole point of error is overruled.

## CONCLUSION

The evidence was legally sufficient to support the jury's finding that M.M. committed assault by striking the complainant with a belt. Therefore, we affirm the trial court's judgment.

Rebecca Simmons, Justice